## 22717.   HOLMES v. WESTERN AUTO SUPPLY COMPANY et al.

Submitted November 9, 1964—Decided January 7, 1965—
Rehearing denied January 18, 1965.

*Trotter & Duncan, Thurman E. Duncan,* for plaintiff in error. *Wyatt & Wyatt, Luther M. Wyatt, B. J. Mayer,* contra.

MOBLEY, Justice. ■ The controlling question is the effect of the release which provided as follows: I, W. T. Holmes, on this the 2nd day of May, 1955, for the sole consideration of one dollar ($1.00) to me paid by C. W. Richardson, the receipt of which is hereby acknowledged, do hereby "release and discharge the stock of merchandise and Fixtures in the Western Auto Associate Store owned by (store owner) C. W. Richardson, in the City of LaGrange, State of Georgia, from all claims, debts, liabilities and demands whatsoever so far as said claims, debts, liabilities and demands which I (we) may have, are to be considered as primary claims against said stock of merchandise and fixtures. Said claims, debts, liabilities and demands shall be considered to be secondary to any and all claims of the Western Auto Supply Company of Kansas City, Missouri, and all claims of the Western Auto Supply Company owing by said (store owner) C. W. Richardson, to it on this date, or contracted at a future date, shall be considered to be primary claims and shall take precedence over any claims which I (we) may have against said stock of merchandise and fixtures in said Western Auto Associate Store, and I (we) agree that the said Western Auto Supply Company shall have all of its said claims, debts, liabilities and demands completely satisfied before I (we) will subject said merchandise and fixtures in said Western Auto Associate Store to the satisfaction of my (our) claims." The instrument was styled a release and was signed only by W. T. Holmes.

"The beneficiary of a contract made between other parties for

his benefit may maintain an action against the promisor on said contract." *Code Ann.* § 3-108. "If there be a valid consideration for the promise, it matters not from whom it is moved; the promisee may sustain his action, though a stranger to the consideration." *Hall v. Wingate,* 159 Ga. 630 (12) (126 SE 796). The validity of the release is not questioned, nor is the right of the beneficiary to sue thereon. The sole question is whether under the terms of the release, Western Auto Supply Company is entitled to have its claims set out in the petition satisfied out of the escrow fund, prior to the claim of L. W. Holmes, which is based on the note and bill of sale to secure debt transferred to him by W. T. Holmes.

On the same date as the release, May 2, 1955, C. W. Richardson executed a promissory note payable to W. T. Holmes for $30,000, payable six months after date, interest rate 3%, and secured by a bill of sale to secure debt covering the stock of goods and fixtures of the Western Auto associate of C. W. Richardson in LaGrange.

The petition alleges that this note and the bill of sale to secure debt were transferred by W. T. Holmes to his brother, L. W. Holmes, who took with notice of the release held by Western Auto and with knowledge that at the time of the transfer C. W. Richardson was insolvent, and that the transfer was made to defraud creditors of C. W. Richardson and especially Western Auto.

Under the terms of the release, the note and bill of sale to secure debt held by W. T. Holmes against the stock of goods and fixtures in the Western Auto associate store of Richardson is secondary to the claim of Western Auto Supply Company, and Western Auto Supply Company is entitled to "have all of its said claims, liabilities and demands completely satisfied before" W. T. Holmes can "subject said merchandise and fixtures in said Western Auto Associate Store to the satisfaction of" the claims of W. T. Holmes. This means that Western Auto Supply Company is entitled to satisfaction of its claim out of the escrow fund prior to any claim of W. T. Holmes, which includes his note and bill of sale to secure debt. L. W. Holmes, his brother to whom the note and bill of sale to secure debt were transferred,

under the allegations of the petition, took same with full knowledge of the original transaction, which includes the release from W. T. Holmes to Western Auto Supply Company. Thus, L. W. Holmes stands in the shoes of the transferor of the note and the bill of sale to secure debt and has only such rights in the fund as were held by his brother.

Accordingly, the petition states a cause of action for satisfaction of the claim of Western Auto Supply Company from the escrow fund prior to the claim of L. W. Holmes, based upon his note and bill of sale to secure debt.

■ The petition does not state a cause of action for payment of the claim of Western Auto Supply Company prior to the judgment held by L. W. Holmes, for it does not allege that the judgment was taken on the note and bill of sale to secure debt given to W. T. Holmes by C. W. Richardson on the merchandise and fixtures of the Western Auto associate store and transferred to L. W. Holmes, or on any other claim of W. T. Holmes. In the absence of such allegation, there is no basis for preferring the claim of Western Auto Supply Company over the judgment held by L. W. Holmes, for the release gives priority to Western Auto Supply Company only as against claims of W. T. Holmes, which would include claims transferred by him to L. W. Holmes, taking with notice.

Furthermore, the allegation, without more, that a judgment was taken by L. W. Holmes against C. W. Richardson on March 18, 1964, for the purpose of and with the intention to hinder, delay, and defraud creditors of C. W. Richardson, and that for said reason the judgment is void, was subject to the special demurrer that it stated a conclusion without any facts alleged to support the conclusion. The trial court erred in not sustaining this special demurrer.

■ It is not necessary to determine whether a cause of action to set aside the security transaction is stated, as the ruling made in the first division affords full relief to Western Auto Supply Company as against claims of L. W. Holmes based upon the note and bill of sale to secure debt held by him against the merchandise and fixtures from which the escrow fund was derived.

■ The petition stated a cause of action for some of the re-

lief. Thus, it follows that the petition was not subject to general demurrer, and the court properly overruled the general demurrer.

*Judgment affirmed in part; reversed in part. All the Justices concur.*