### 23527. HOLMES v. WESTERN AUTO SUPPLY COMPANY.

MOBLEY, Justice. This Court held in *Holmes v. Western Auto Supply Co.*, 220 Ga. 528 (1) (140 SE2d 204) when this case was previously before it, that the petition of Western Auto Supply Company stated a cause of action for equitable relief for satisfaction of the claim of Western Auto Supply Com-

pany from the escrow fund derived from the sale of the stock of goods and fixtures of a Western Auto store owned by C. W. Richardson prior to the claim of L. W. Holmes, the transferee and holder of the note and bill of sale to secure debt, against the stock of goods and fixtures.

In Division 2, Headnote 2 we held that, absent an allegation that a judgment taken by L. W. Holmes, transferee and owner of the note and bill of sale to secure debt, was based upon the note and bill of sale to secure debt upon the stock of goods and fixtures, the petition failed to state a cause of action for preference of the claim of Western Auto Supply Co. over the judgment held by L. W. Holmes.

After the judgment of this court was made the judgment of the trial court, both parties made motions for summary judgment, and upon the hearing thereon and consideration of the evidence, the court entered judgment that (1) there is no genuine issue as to any material fact, (2) that the claim of Western Auto Supply Co. is prior to the claim of L. W. Holmes, transferee and holder of the note and bill of sale to secure debt, and that the judgment taken by the transferee was based upon the note and bill of sale and is therefore secondary in priority to the claim of Western Auto Supply Co., and rendered judgment in favor of Western Auto Supply Co. for the amount of its claim, and the balance of the escrow fund was awarded L. W. Holmes. The appeal is from that judgment. *Held:*

1. The appellant does not argue that the trial court was in error in finding that the judgment of the transferee was based upon the note and bill of sale to secure debt on the stock of goods and fixtures of the Western Auto Store, thus the sole issue before the court is whether the trial court erred in finding that the claim of Western Auto Supply Co. has priority of payment from the escrow fund over the claim of L. W. Holmes, transferee and holder of a note and bill of sale to secure debt.

The basis for this court holding that the petition stated a cause of action for satisfaction of the claim of Western Auto Supply Co. prior to that of L. W. Holmes, was that W. T. Holmes, at the time of the sale of his Western Auto store to C. W. Richardson on May 2, 1955, and taking a note and bill of sale to secure debt against the stock and fixtures, executed an

instrument styled a release dated May 2, 1955, to Western Auto Supply Co. by which he released and discharged the stock of merchandise and fixtures of the store from all claims, debts, etc., which he held that are primary claims against the merchandise and fixtures. The release further provided that said claims, debts, etc., shall be secondary to any and all claims of Western Auto Supply Co. "and all claims of the Western Auto Supply Co. owing by said C. W. Richardson to it on this date, or contracted at a future date, shall be considered to be primary claims and shall take precedence over any claims which I may have against the stock of merchandise and fixtures in said Western Auto Associate Store . . ." and provided further that Western Auto Supply Co. should have all its claims and debts satisfied, out of the stock and fixtures before he (W. T. Holmes) would subject them to satisfaction of any of his claims. By this release W. T. Holmes made all his claims, present and future, subject to priority of payment to Western Auto Supply Co.

At the hearing on the motions for summary judgment evidence was introduced which included a stipulation between the parties, copies of the documents executed in connection with the sale of the store, and certain affidavits in support of each party's motion. Based thereon the court rendered judgment in favor of Western Auto Supply Co., which appellant contends was error. He relies upon the following provision of the stipulation:

"3. That in May, 1955, Holmes sold the Western Auto Store in LaGrange, Georgia, to C. W. Richardson and in connection with such sale, the following documents were executed: (a) Western Auto Associate Store contract No. A 16201, dated May 3, 1955. (b) A release executed by W. T. Holmes dated May 2, 1955. (c) Note and bill of sale to secure debt from C. W. Richardson to L. W. Holmes dated May 2, 1955. It is further stipulated that these documents were executed as a part of the sale of the business from W. T. Holmes to C. W. Richardson and that Western Auto Supply Company, by and through its duly constituted agents, knew of each of the above documents, and knew the contents and provisions thereof at the execution of each, and that L. W. Holmes and W. T. Holmes knew of each of the documents and knew of the contents of each of them both at the time each of them was executed and on the 10th day of December, 1963."

478

This stipulation is binding upon the parties, and the issue of whether the three documents were executed in connection with the sale of the property and constitute one transaction is settled, as the parties themselves so stipulated and agreed.

Since the three documents, under the stipulation, constitute one transaction, and W. T. Holmes in executing the release of May 2, 1955, in which he agreed that all claims, debts, and liabilities of Western Auto Supply Co. should have priority over his claim (note and bill of sale to secure debt) had the right to rely on the provision in the contract between Richardson and Western Auto Supply Co. of May 3, 1955, that "(7) The buyer shall pay cash with each order," and it appearing that all sales had not been for cash but that credit had been extended resulting in the claim of Western Auto Supply Co., the claim of Western Auto Supply Co. would not as a matter of law have priority over the claim of Holmes. Thus, the trial court erred in granting summary judgment in favor of Western Auto Supply Co. The motion for summary judgment made by Holmes is not before this court, as the trial court made no ruling thereon, and the appeal was from, and the enumeration of errors was to, the judgment granting summary judgment in favor of Western Auto Supply Co.

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 14, 1966—DECIDED SEPTEMBER 8, 1966—
REHEARING DENIED SEPTEMBER 22, 1966.

*Trotter & Duncan,* for appellant.
*L. M. Wyatt, Wyatt & Wyatt,* for appellee.