## 24339. WESTERN AUTO SUPPLY COMPANY v. HOLMES et al.

UNDERCOFLER, Justice. This is an action of interpleader and is its third appearance in this court. For the facts involved, see *Holmes v. Western Auto Supply Co.*, 220 Ga. 528 (140 SE2d 204); s.c. 222 Ga. 475 (150 SE2d 641).

When the case was here before on the granting of a motion for summary judgment to Western Auto Supply Company, it was held that a stipulation entered into between the parties agreeing that the note and bill of sale, release, and contract were a part of one transaction and that Holmes had a right to rely on the provision in the contract that the buyer "shall pay cash with each order" and, since the buyer did not pay cash for all purchases but had been extended credit, Western Auto Supply Company would not as a matter of law be entitled to a summary judgment.

Before the remittitur of the Supreme Court in 222 Ga. 475 was filed in the trial court, Western Auto Supply Company amended its claim contending that an additional contract dated May 9, 1955, between C. W. Richardson and itself was omitted from the stipulation by mistake and the intention of the parties was to include it therein and that the court should take it into consideration in resolving the issue.

The trial court dismissed Western Auto Supply Company's amendment, granted L. W. Holmes' motion for summary judgment and this appeal is from those orders and certain other rulings of the trial court. *Held:*

1. The purchase contract of May 9, 1955, was attached to L. W. Holmes' affidavit as an exhibit and was a part of the record when the case was before this court previously. Accordingly, it was necessarily considered by this court in its decision in 222 Ga. 475. Therefore, Western Auto Supply Company's amendment only reiterates an issue which had been already decided contrary to its contentions. *Lankford v. Milhollin*, 201 Ga. 594 (40 SE2d 376). The decision of this court is binding on the parties and established the law of the case. The dismissal of the amendment by the trial court was not error for any reason enumerated.

2. The appellant's contention that appellee's motion for summary judgment was not properly before the lower court is without merit under the rulings in *Holmes v. Western Auto*

784

*Supply Co.*, 222 Ga. 475, 478, supra. It was there held specifically that his motion for summary judgment had not been passed on by the trial court.

3. The ruling on the motion for summary judgment for Holmes is correct and it is not necessary to decide the other enumerations of error.

*Judgment affirmed. All the Justices concur.*

Submitted October 9, 1967—Decided November 9, 1967.

*Wyatt & Wyatt, L. M. Wyatt,* for appellant.

*B. J. Mayer, Trotter & Duncan, T. E. Duncan, J. T. Thomasson, Jr., H. T. Quillian, Jr.,* for appellees.