ROZETTA v. ROZETTA.

BELL, Justice. 1. A judgment of a court of competent jurisdiction is, until reversed or set aside, conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue, in the cause wherein the judgment was rendered. Code of 1933, § 110-501.

2. The judgment granting to the wife a divorce and permanent alimony was not void either because she resumed cohabitation with her husband after the suit was filed, or because of the fact that pending the action she made an agreement with her husband, which she did not disclose in court, to the effect that she would not claim alimony. So far as these facts may have furnished any ground of defense, they should have been urged before judgment, or in a proper proceeding to set it aside; and

the court did not err in excluding evidence of such facts in a contempt proceeding brought against the husband for his failure to pay alimony as required by the decree. Code of 1933, §§ 3-607, 37-219, 37-220, 110-708, 110-710; *Wilkins* v. *Wilkins*, 146 *Ga.* 382 (3) (91 S. E. 415); *Fountain* v. *Fountain*, 150 *Ga.* 742 (105 S. E. 294).

3. Nor was it error, in the contempt proceeding, to exclude evidence that at the time of instituting the suit in which the judgment for divorce and alimony was obtained, there was pending a former suit filed by the wife on the same cause of action. The pendency of the former action was a matter for special plea in the main case, and constituted no defense to the attachment for contempt. Code of 1933, §§ 3-601, 3-607, 81-403. *Judgment affirmed. All the Justices concur.*

No. 11134. DECEMBER 10, 1935.

*Linton S. James* and *Clifford M. James,* for plaintiff in error.