23851. BRIDGER et al. v. BRACEWELL.

Argued December 13, 1966—Decided January 5, 1967.

*W. W. Larsen, Jr.,* for appellants.

*Wm. Malcolm Towson,* for appellee.

Mobley, Justice. This case arose out of a controversy as to the dividing line between lands of the parties. Each agreed that a certain land lot line was the true dividing line. Appellee, plaintiff below, in his petition alleged that appellants, defendants, were trespassing upon his property and were cutting timber thereon and prayed for a temporary and permanent injunction and for damages. After an answer was filed by defendants, the

parties entered into a stipulation, which was made an order of the court, that the land lot line dividing Land Lots 335 and 334 is the property line between plaintiff and defendants, that the parties agreed for the court to appoint the county surveyor to make a survey and to locate the said land lot line and that the line marked and established as the land lot line by the surveyor be binding upon both parties and that same should be made the order of the court in the final disposition of the case. There were other details in the stipulation which we consider unnecessary to recount. The survey was made, the line was determined, marked, and a plat made thereof and filed with the court. After notice and hearing the trial court made the survey of the line the judgment of the court and provided that the line established by the survey was the dividing line between the properties of the parties. The defendants, their agents and their servants were permanently enjoined from trespassing, cutting and removing trees or timber from the northwest half of Lot 335 according to the line and boundary as fixed in the survey and as shown by the plat of the county surveyor. The appeal was from this order and an enumeration of errors was duly filed.

■ The first three errors enumerated have to do with the trial judge granting a permanent injunction without hearing evidence as to whether acts of waste were committed. No damages were awarded for waste or trespass, and the parties having stipulated that the survey of the county surveyor would be binding upon them as to the dividing line between their lands in dispute, and the court having pursuant to the stipulation entered judgment making the line determined by the surveyor the dividing line, there was no need for the trial court to hear evidence as to waste and trespass. The appellants could not complain, for they were not harmed by the judgment as they were not required to pay damages and had no right to trespass in the future across the fixed dividing line between their lands. The first three enumerations of error are without merit.

■ The contention in Enumeration of error No. 4, that the action was automatically dismissed under the terms of *Code Ann.* § 3-512 (Ga. L. 1953, Nov. Sess., pp. 342, 343) on the ground that no written order was taken in the case for a period

of five years during the pendency of the action, is without merit as the record shows that a written order was filed in the case on September 9, 1961, and another was signed by the trial judge on September 6, 1966, and filed on September 8, 1966, less than five years apart.

■ Enumerations of error Nos. 5, 6, and 7 complain that the court erred in approving the survey report of the surveyor because neither appellants nor their counsel were present when the survey was made, because the surveyor's report was based upon an assumption by the surveyor of the point of beginning, and upon assumptions rather than principles of surveying. These are without merit. The stipulation provided that "the parties shall be entitled to be present during the survey." There is no evidence that the surveyor prevented their being present, that they asked to be notified when the survey would be made, or that they made any effort to be present. Either their own lack of diligence or of desire to be present was responsible for their not being present. The appellants questioned the surveyor as to many of the details of the survey and contend that he assumed that he began at the land lot corner. His evidence was that he located the corner and that the line he ran was the land lot line which he was asked to locate, survey and plat, all of which he did. Had there been some inaccuracies in the line, the parties stipulated and agreed that he locate, survey and plat the line and that they would be bound by what he did and that the court could enter judgment fixing that as the line. The stipulation was binding upon them. See *Holmes v. Western Auto Supply Co.*, 222 Ga. 475, 478 (150 SE2d 641). There is no contention or any evidence that he did not honestly and to the best of his ability perform the duties given him.

*Judgment affirmed. All the Justices concur.*