### 46396. KALIN v. PFARNER.

Whitman, Judge. The plaintiff-appellant appeals from an order granting defendant's motion to dismiss. The appeal arises from a complaint filed in the State Court of Cobb County on February 18, 1971, on a promissory note.

The defendant's motion to dismiss was made upon two grounds. The first ground was that there had been a suit on the same note filed on June 10, 1963, in the Superior Court of Cobb County, which suit was automatically dismissed by virtue of

Section 41 (e) of the Civil Practice Act (Ga. L. 1966, pp. 609, 654; *Code Ann.* § 81A-141(e)), there having been no order taken in the case for a period of five years; and that such dismissal for want of prosecution constituted a bar to further action on the subject matter of the suit.

The second ground of defendant's motion was that in addition to the 1963 suit, a second suit on the same note was filed in the State Court of Cobb County on December 14, 1970, which on that occasion was dismissed by order of court reciting that upon motion made and hearing held it had been made to appear that the costs in the previous case (1963) had not been paid.

Both of the above grounds were expressly sustained in the order granting the defendant's motion to dismiss the present case. *Held:*

1. The record shows that a suit pending by Kalin against Pfarner on the same subject matter in the Superior Court of Cobb County (Case No. 14747) became automatically dismissed without the entry of any order of dismissal on June 10, 1968. See *Freeman v. Ehlers,* 108 Ga. App. 640 (134 SE2d 530). The question presented by the first ground of Pfarner's motion in the instant state court case is whether the mere automatic dismissal of the superior court case, without more, operated as an adjudication on the merits. The answer is no.

CPA § 41 (e) provides: *"Want of Prosecution*—Any suit in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff." This provision does not specify that an automatic dismissal also works instanter as an adjudication upon the merits. To obtain a dismissal which operates as an adjudication upon the merits a defendant *must move therefor* under CPA § 41 (b); he must take affirmative action *and get an order of dismissal.* CPA § 41 (b) provides: "For a failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant *may move for dismissal* of an action or of any claim against him. . . Unless the court *in its order for dismissal* otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue

or for lack of an indispensable party, operates as an adjudication upon the merits." (Emphasis supplied).

There being no order, there can be no finding that there had been a dismissal under CPA § 41 (b) operating as an adjudication upon the merits. Under the circumstances, the case of *City of Chamblee v. Village of North Atlanta,* 217 Ga. 517, 523 (123 SE2d 663), which holds that an automatic dismissal is not res adjudicata, is controlling.

2. The second ground of the motion was that the State Court of Cobb County had ordered the 1970 suit dismissed for failure at that time to have paid the costs in the 1963 suit; that such order of dismissal, since it did not specify that it was without prejudice, operated as an adjudication upon the merits by virtue of CPA § 41 (b).

The very point was decided adversely to appellee in *O'Kelley v. Alexander,* 225 Ga. 32, 33 (165 SE2d 648), with the court holding that a dismissal "for failure to pay the costs" would come within the scope of a "dismissal for lack of jurisdiction," which by the language of CPA § 41 (b) does not operate as an adjudication upon the merits.

Neither ground of Pfarner's motion to dismiss the present action was sustainable. The court erred in granting same.

*Judgment reversed. Hall, P. J., and Eberhardt, J., concur.*

SUBMITTED JUNE 30, 1971—DECIDED OCTOBER 5, 1971—REHEARING DENIED NOVEMBER 11, 1971—

*Payne, Barlow & Green, William O. Green, Jr.,* for appellant. *Vernon W. Duncan,* for appellee.