## 48578. NORTON v. BRADY et al.

Deen, Judge. This appeal arises out of action of the trial court in sustaining appellee's motion to dismiss appellant's complaint based on the ground that no written order was taken or filed and entered of record for a period of over five years. *Held:*

1. Upon examination of the record in this case it appears that no order was entered or filed between October 3, 1964, and October 3, 1969. "Any suit in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff." Code Ann. §§ 3-512 and 81A-141 (e). Any action of the clerk of the court as to marking the case dismissed is ministerial, as the dismissal is automatic on the expiration of five years. "The Act is mandatory. It places upon a plaintiff who wishes to avoid an automatic dismissal of his case by operation of law a duty to obtain a written order of continuance or other written order at some time during a five year period and to make sure the same is *entered in the record.*" (Emphasis supplied.) *Swint v. Smith,* 219 Ga. 532 (1) (134 SE2d 595). "The present suit having been pending, without any written order taken therein, for over five years after the effective date of Code Ann. § 3-512 was automatically dismissed by operation of law, and the action of the clerk of the court in entering an order of dismissal thereon was a purely ministerial act." *Freeman v. Ehlers,* 108 Ga. App. 640 (134 SE2d 530). In *Butler v. Claxton,* 221 Ga. 620 (146 SE2d 763), the record disclosed no written orders between December 10, 1955, and December 10, 1960, and the court held the case automatically dismissed on the last date.

2. Appellant contends that on October 2, 1969, his attorney went to the home of the judge in Decatur, Georgia, and secured an order on this date requesting the judge to mark the order "filed." Upon the judge's declining to mark the papers filed the attorney drove to the home of the clerk, and after an unsuccessful attempt to reach the clerk placed the order in the U. S. mail at the post office. The record does not indicate any date as to the filing and entering of this order. Nor would an order dated February 27, 1970, dismissing a motion to dismiss the complaint filed and entered by a co-defendant on January 6, 1970, help appellant in his case, because as discussed in Division 1, it was already automatically dismissed at least on October 3, 1969.

3. Appellant's contention as to the applicability of res judicata is without merit.

The trial court did not err in sustaining the motion to dismiss.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 12, 1973 — DECIDED SEPTEMBER 27, 1973.

*C. C. Perkins,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Fred W. Ajax, Jr.,* for appellees.