*Sherrell, Robert E. Sherrell,* for appellees.

## 48778. JERNIGAN v. COLLIER.

HALL, Presiding Judge.

On December 18, 1970, Shirley Jernigan filed suit against Lena B. Collier for damages arising out of their March 1, 1969 automobile collision. After answering the suit, Lena B. Collier died on January 14, 1972. Pursuant to Code Ann. § 81A-125 (a) (1), on July 11, 1972 her former counsel suggested her death upon the record. One hundred and eighty days thereafter, no proper defendant had been substituted as allowed by the statute. However, no motion was made nor order taken dismissing the suit.

Thereafter, on April 13, 1973 — well over a year following the death of the original defendant — plaintiff Jernigan paid the costs in the first action and brought a new suit, substantially like the original suit, against Frank S. Collier as executor under the will of Lena B. Collier, deceased. The defendant answered, pleading estoppel, laches, failure to state a claim, the statute of limitation, and asserting that the action was barred because brought after the expiration of the time allowed by the statute for the substitution of parties, and no substitution having been made, the first suit automatically stood dismissed upon the merits. The defendant then moved for judgment on the pleadings and plaintiff moved to strike certain defenses. The trial court, by order dated August 11, 1973 overruled the plaintiff's motion and granted defendant's motion for judgment on the pleadings. Plaintiff appeals from both orders.

The sole question here is the proper construction of Code Ann. § 81A-125 (a) (1).[1] The defendant contends

---

[1] "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representative of the deceased party and, together with the notice of the

that where no substitution is made within 180 days after service of a suggestion of death the action *automatically stands dismissed* and the dismissal is on the merits. The plaintiff agrees that an automatic dismissal occurred, but contends that the dismissal is not on the merits, citing decisions interpreting former Code Ann. § 3-512 and Code Ann. § 81A-141 (e) (providing for automatic dismissal of cases after five years where no written order is taken.) Both positions are in error to the extent to which they assume that an automatic dismissal occurred.

For reasons detailed below, in the absence of an order dismissing the original suit, it is still pending. The Clerk of the Superior Court of Henry County in response to our inquiry has certified that no order of dismissal has been entered in the original suit filed by Shirley Jernigan against Lena B. Collier. It follows therefore that the original action is pending, and the defendant was not entitled to a judgment on his theory of res judicata, although an affirmative defense on the ground of the pendency of the original suit would require that the second suit be dismissed. Code § 3-601.

Code Ann. § 81A-125 (a) (1) is practically identical to Federal Rule 25 except for the fact that the period is 90 days under the federal rule whereas it is 180 days under the CPA.

Under the federal rule, "If there is no motion for substitution made within the 90 day period, the action may be dismissed. Dismissal is not mandatory, despite the use of the word 'shall' in the amended rule, even under these circumstances." 7A Wright & Miller, Federal Practice and Procedure: Civil, p. 659, § 1955. Therefore, dismissal is not automatic. Any dismissal which is not automatic but which may be obtained, necessarily

---

hearing, shall be served on the parties as provided in section 81A-105 and upon persons not parties in the manner provided in section 81A-104 for the service of a summons. Unless the motion for substitution is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

requires, to effect a dismissal, the entry of an order of dismissal. Should such an order be sought and granted, and a dismissal effected, the next question is the effect of the dismissal.

"Does a dismissal for failure to make substitution in a timely fashion under present Rule 25 (a) (1) operate as a dismissal upon the merits, which precludes another suit on the same cause of action? What little authority there was under original Rule 25 (a) (1) was in conflict, mainly because of the confused status of the original rule. We believe that a dismissal under present Rule 25 (a) (1) for failure to make timely substitution should operate as a dismissal on the merits. Present Rule 25 (a) (1), unlike original Rule 25 (a) (1), operates to give notice to all interested persons of the fact of the death of a party, and there is no time limit upon substitution until such notice has been given. And even this time limit is now subject to enlargement for good cause shown in the discretion of the court. Thus we think it fair to require that substitution be made in accordance with Rule 25 (a) (1) at pain of a judgment on the merits for failure to comply. This is consistent with other situations where a judgment upon the merits can ensue for failure to comply with one of the Federal Rules." 3B Moore's Federal Practice (2d Ed.) 25-278, § 25.06[3].

Under Code Ann. § 81A-125 (a) (1), therefore, there is no dismissal until the entry of an order to that effect, and the dismissal is an adjudication on the merits. A dismissal under this section is different in both respects from dismissal under Code Ann. § 81A-141 (e), which is automatically obtained and does not operate as an adjudication on the merits. *Kalin v. Pfarner,* 124 Ga. App. 816 (186 SE2d 365).

However, if no notice of substitution is made within a period of 180 days after service of suggestion of death, and a defendant moves for a dismissal on this ground giving notice to the plaintiff (*City of Cedartown v. Pickett,* 194 Ga. 508, 512 (22 SE2d 318 )), and the trial judge after a hearing dismisses the petition under Code Ann. § 81A-141 without specifying that it is "without prejudice," the dismissal would be a bar to any subsequent suit. See *Cranford v. Carver,* 124 Ga. App. 767 (186 SE2d 150).

But it should be noted that an order of dismissal for failure to make timely substitution need not necessarily be granted. Under the federal rule, "the court may extend the period for substitution if a request is made before the expiration of 90-day period. The court also may allow substitution on motion made after the expiration of the 90-day period on a showing that the failure to act earlier was the result of excusable neglect." 7A Wright & Miller, 659, supra.

There being no order of dismissal in the previous action, the trial court was in error in its reasons for granting defendant's motion for a judgment on the pleadings; however, a judgment right for any reason will be affirmed by the appellate courts (*Hill v. Willis,* 224 Ga. 263, 267 (161 SE2d 281)). Because the original suit is still pending, its pendency provides grounds for granting defendant's motion and the trial court's order so granting it, being right for this reason, will be affirmed. Affirmance leaves the parties in the original suit to seek such belated substitution or dismissals as their interests may direct. The dismissal here (of the second suit) is, of course, without prejudice to the pending case and cannot be considered an adjudication on the merits.

Because we reach the result that the second suit must be dismissed, plaintiff's appeal from the denial of her motion to strike certain defenses in the second suit has been mooted and we need not consider it.

*Judgment affirmed in part without prejudice to the rights of the parties in pending Case No. 5240, Henry County Superior Court. Bell, C. J., Eberhardt, P. J., Quillian and Stolz, JJ., concur. Pannell, J., concurs in the judgment. Deen, Evans and Clark, JJ., dissent.*

ARGUED NOVEMBER 7, 1973 — DECIDED MARCH 6, 1974.

*Albert B. Wallace, William R. L. Latson,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Arnold Wright, Jr.,* for appellee.

EVANS, Judge, dissenting.

On December 18, 1970, Shirley Jernigan brought an

action for personal injuries and damage arising out of a collision of automobiles on March 1, 1969, driven by plaintiff and by defendant, Lena B. Collier. Service was accomplished on December 19, 1970, and an answer was filed on January 1, 1971. The defendant died on *January 14, 1972,* and on July 11, 1972, her death was suggested of record by counsel who had represented the deceased. No substitution of party was made, and by terms of the statute (Code Ann. § 81A-125 (a) (1)), at the expiration of 180 days the suit was dismissed.

On April 13, 1973, the costs were paid in the first action, and another suit, in substantially the same form and substance, was brought against Frank S. Collier as executor under the will of Lena B. Collier, deceased. The defendant answered, and pleaded estoppel, laches, the mandatory dismissal of the former suit, and passage of more than two years since the time of the collision, all as a bar to this action. Plaintiff moved to strike these affirmative defenses.

Defendant moved for judgment on the pleadings because no substitution of parties was ever made in the former suit as is provided for in Code Ann. § 81A-125 (a) (1). The present action has been brought after the expiration of the time allowed by law and is therefore barred. Plaintiff's motion to strike the affirmative defenses was denied, and defendant's motion for judgment on the pleadings was granted. Plaintiff appeals.

1.  Defendant contends that under Code Ann. § 81A-125 (a) (1) a judgment in his favor, dismissing the action, was not only authorized but was demanded. To reach this conclusion said statute must be construed to mean that unless a motion for substitution of a new party is made not later than 180 days after death is suggested upon the record, the action shall be dismissed, and said dismissal shall be construed as a dismissal "on the merits," or "with prejudice," albeit the statute is silent respecting the words "on the merits" and "with prejudice." Of course, a dismissal "on the merits" or "with prejudice" is conclusive, and the plaintiff is not thereafter entitled to renew or re-file the action. (See Code Ann. § 81A-141.)

2. But why does the dismissal take place at all? Because after death of the defendant the suit can no longer proceed until his legal representative is substituted as a party defendant. In other words, the suit is dismissed because it lacks an "indispensable party." Our law especially provides that where a suit is dismissed because of want of an "indispensable party," said dismissal is not within the class of those where an *adjudication on the merits* is inherent in the dismissal. See the last sentence in Code Ann. § 81A-141 (b) as follows: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, *and any dismissal not provided for in this section, other than a dismissal for lack of jurisdiction, or for improper venue, or for lack of an indispensable party,* operates as an adjudication upon the merits." (Emphasis supplied.)

This language clearly means that all cases that are dismissed, as was the one here, *for lack of an indispensable party,* are not within that category where the dismissal operates as an adjudication on the merits.

3. The statute here may be compared with Code Ann. § 3-512 (also Code Ann. § 81A-141 (e)), authorizing an automatic dismissal of cases after five years during which time no written order is taken. These statutes do not say whether or not the merits are thereby adjudicated; do not say whether or not the dismissal is with or without prejudice, but our appellate courts have consistently held that the dismissed action may be re-filed. See *City of Chamblee v. Village of North Atlanta,* 217 Ga. 517, 523 (123 SE2d 663); *Covil v. Stansell,* 113 Ga. App. 179 (2) (147 SE2d 479); and *Kalin v. Pfarner,* 124 Ga. App. 816 (186 SE2d 365).

4. If the construction contended for by defendant were allowed, that would mean that the statute in question provides for a *forfeiture* of rights, or a *penalty.* Forfeitures and penalty are not favored, and if a statute may be construed as imposing or withholding a penalty, the latter construction will be adopted. *Renfroe v. Colquitt,* 74 Ga. 618 (2a); *Roby v. Newton,* 121 Ga. 679, 682 (49 SE 694). If it is intended to penalize those who did not strictly comply with this statute, the penalty should have been spelled out. It is not permissible to *imply* a

penalty, when the language used is silent as to such penalty.

5. Where a case is not dismissed on the merits, the plaintiff may re-file the same action within six months under Code Ann. § 3-808. See *Rountree v. Fey,* 71 Ga. 214; *Atlanta, K. &c. R. Co. v. Wilson,* 119 Ga. 781 (5) (47 SE 366); *Clark v. Newsome,* 180 Ga. 97 (178 SE 386).

6. Accordingly, there has been no affirmative dismissal of the original complaint with prejudice nor with an adjudication on the merits; and with the payment of the costs, the plaintiff was authorized to re-file the same action within six months.

7. The majority opinion argues that as there was no order dismissing in the first action, that the first action is therefore still pending. This is a completely untenable premise. The statute involved here, Code Ann. § 81A-125 (a) (1) provides that: "Unless the motion for substitution is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, *the action shall be dismissed as to the deceased party.*"

Thus, the plaintiff *does not have to enter an order of dismissal;* the dismissal is automatic under the explicit language of the statute. As to whether the dismissal is *with prejudice* is an entirely different matter. Further, even if the majority were correct in its contention that plaintiff should have entered an order of dismissal (and we maintain it is completely erroneous in this respect), still the only way advantage could be taken of such failure would be through the defendant's filing a defense based on this ground. *Rozetta v. Rozetta,* 181 Ga. 494 (3) (182 SE 847). This he did not do, expressly or impliedly, and neither the lower court nor this court can defend for him nor supply his deficiency in failing to plead in this respect.

The majority opinion seeks to make much of 7A Wright & Miller, Federal Practice and Procedure, p. 659, § 1955, and 3B Moore's Federal Practice (2d Ed.), p. 25-278, § 25.06 (3); and argues therefore that an order of dismissal is required in order to effect a dismissal. I have studied these works carefully and find no reference to an

order of dismissal by plaintiff or his counsel as a requirement for dismissal. If I am in error, I ask the author of the majority to correct me, and point to chapter and verse. And let it be noted that in discussing the federal rule, *Moore does not make any authoritative statement* but hedges his language with "it is felt" and "it is believed." This is a far cry from an authority that may be cited to support a mooted question of law.

This court has as much right to its opinion on matters of first impression as has Moore when he is reduced to "it is felt" and "it is believed," especially as we are a state court, dealing with state statutes, and he is exclusively dealing with federal rules and federal decisions, which are not binding on us.

But, if the federal authorities were felt binding to any extent whatever, we point to Gertler v. United States (SD NY 1955) 18 FRD 307, wherein it is plainly shown that a dismissal under Federal Rule 25 (a) (1) does not preclude the right to bring a new action.

The majority opinion cites *City of Cedartown v. Pickett,* 194 Ga. 508, 512 (22 SE2d 318), as to the question of notice of substitution within 180 days from service of suggestion of death, and a dismissal thereafter "without prejudice." I have studied this case very carefully and can find absolutely no mention of the above subject in it.

8.   The lower court erred in overruling the motion to strike the affirmative defenses of laches, estoppel, and bar by statute of limitation, and in granting defendant's motion for judgment on the pleadings. I therefore dissent.

I am authorized to state that Judges Deen and Clark join me in this dissent.