## 49669. DOLLAR v. WEBB.

DEEN, Judge.

The procedural rule to the effect that any suit in which no written order is taken for a period of five years "shall automatically stand dismissed," formerly codified as Code Ann. § 3-512 and now as Code Ann. § 81A-141 (e) has no Federal counterpart. The meaning of an automatic dismissal has been considered in connection with other procedural rules. It was held in *Hayes v. Simpson,* 83 Ga. App. 22 (b) (62 SE2d 441) in connection with former demurrer practice that when a case stood automatically dismissed this meant that it was completely lifeless for all purposes from the date of the dismissal, so that if not removed a motion to strike it from the docket would lie. It is obvious from *Hayes* and the cases there cited that the date on which the automatic dismissal occurred rather than the date on which it was physically stricken from the docket determined the time of death.

Dollar sued Webb for certain property damage occurring on September 7, 1967. That action was "voluntarily dismissed" by him on March 8, 1974 and the present suit, based on the same cause of action, was filed on April 9, 1974. Plaintiff contends that under this state of facts the four-year statute of limitation, which expired September 1971, does not apply because this action was brought within six months of his "voluntary dismissal" and is within the purview of Code Ann. § 3-808. This would have been true if the original case were legally *pending* on that date, but it had in fact automatically expired, as found by the trial court, on January 3, 1973, five years from the date of the last order taken therein. Code Ann. § 3-808 does not apply. The second action was properly dismissed.

*Judgment affirmed. Eberhardt, P. J., and Stolz J., concur.*

ARGUED SEPTEMBER 6, 1974 — DECIDED
OCTOBER 4, 1974.

*Maurice Byers,* for appellant.
*Thompson, Broadfoot & Tribble, H. Dale Thompson, William Tribble,* for appellee.