## 49903. ALLSTATE INSURANCE COMPANY v. DOBBS.

DEEN, Presiding Judge.

Code Ann. § 3-808 provides that if the *plaintiff* voluntarily dismisses his case, he may file again within six months and the renewed suit is not thereby made subject to a statute of limitation which may have intervened since the filing of the original action. In *Dollar v. Webb,* 132 Ga. App. 811 (209 SE2d 253), it was held that this section did not apply where a case had been automatically dismissed under Code Ann. § 81A-141 because no written order had been taken therein over a five-year period where the case was not refiled within six months thereafter, and the statute of limitation had run. Such a dismissal is involuntary, and therefore is within the purview of Code Ann. § 81A-141 (b) covering all involuntary dismissals which provides that "any dismissal not provided for in this section, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits."

In *Dollar,* supra, we held that a suit could not be refiled where (1) the statute of limitation on the original cause of action had run, and (b) the suit was sought to be refiled *more than* six months from the date on which the original complaint stood automatically dismissed.

In the present case, although the statute of limitation had otherwise run, the action was refiled within the six-month period thereafter. It thus only remains to be ascertained whether Code Ann. § 81A-141 (b) operates to make the automatic dismissal following a period of five years in which no order has been taken in the case operate as an involuntary dismissal "not provided for in this section." Code Ann. § 81A-141 (e) is a part of the section, and specifies as follows: "Any suit in which no written order is taken for a period of five years shall automatically stand dismissed." Accordingly, it cannot operate under subsection as a "dismissal on the merits," and the plaintiff has six months from the date of such automatic dismissal to refile the complaint. The same result is reached in our recent cases of *Kalin v. Pfarner,*

124 Ga. App. 816 (186 SE2d 365); *Maxey v. Covington,* 126 Ga. App. 197 (190 SE2d 448); and *Jernigan v. Collier,* 131 Ga. App. 162 (205 SE2d 450).

The trial court did not err in denying the motion to dismiss the complaint as refiled, which was based on the contention that the automatic dismissal of the prior action was a bar to the present suit.

*Judgment affirmed. Stolz and Marshall, JJ., concur.*

SUBMITTED NOVEMBER 7, 1974 — DECIDED MARCH 10, 1975.

*Henning, Chambers & Mabry, Eugene P. Chambers, Jr., Peter K. Kintz,* for appellant.

*Charles H. Hyatt, Ernest J. Nelson, Jr.,* for appellee.