## 50671. MILAM v. MOJONNIER BROTHERS COMPANY.

MARSHALL, Judge.

This is an appeal from the granting of a motion for summary judgment in favor of the appellee, defendant in the lower court.

Appellant Milam originally filed his complaint on October 18, 1963, in Fulton Superior Court against Miss Georgia Dairies, Inc., and appellee. Miss Georgia Dairies, Inc. filed an answer and a general demurrer. Appellee also filed an answer. Subsequently, Miss Georgia Dairies, Inc., filed its motion for summary judgment, and a hearing was held on August 21, 1968, and the trial court granted

summary judgment on that same day. Appellant filed an appeal to this court on August 27, 1968, as to the summary judgment which had been granted in favor of Miss Georgia Dairies, Inc. This court affirmed the trial court's granting of the summary judgment on December 5, 1968, and on December 18, 1968, notice from this court of the affirmance of the granting of the summary judgment was forwarded to Fulton Superior Court and filed therein on December 19, 1968. On January 10, 1969, the trial judge in Fulton Superior Court signed and attached to the notice the order of the trial court allowing the remittitur as previously decided by this court to be entered on record, but this order was never entered on the record of the trial court, nor was the order of the trial court marked filed after the trial judge signed it.

On May 28, 1974, appellant, having employed new counsel, refiled the action against appellee, the basis for the action being an incident which occurred on November 24, 1961. This same incident formed the basis for the prior suit brought against both Miss Georgia Dairies, Inc., and appellee. Subsequent to the refiling of the suit, appellee brought its motion for summary judgment, and the trial court entered judgment on the motion. This is the judgment from which appellant appealed.

Appellee's brief contained the following "note of clarification": "The parties agree that appellant's cause of action is one for personal injury and is thus subject to a two-year statute of limitation. The parties agree also that appellant's first suit asserting this cause of action was dismissed automatically pursuant to the 'five-year rule' found at Georgia Code § 3-512 and Georgia Code § 81A-141 (e). The dispute which forms the gravamen of the issue presented in this appeal is *when* it became dismissed, appellant contending that the present action was refiled within six months of said dismissal, as allowed by Georgia Code § 3-808, and appellee contending that it was not so refiled and is therefore barred by the applicable two-year statute of limitation, as asserted in appellee's fourth defense." Since appellant has not disputed the statement in appellee's brief, we treat it as true.

Appellee's brief goes on to assert the following: "It is

appellee's contention that the last written order in the previous action (the date from which the five-year rule dismissal is calculated)at the latest, is the court's order of August 21, 1968, the record reflecting this to be the last order which was both signed and filed or entered of record. Appellee's version of the facts, then, is that the plaintiff's original lawsuit was automatially dismissed on August 21, 1973 (five years from the last order properly entered); thus appellant's present action, not having been refiled within six months, or by February 21, 1974, is barred by the statute of limitations." *Held:*

With the foregoing contention of appellee, we agree.

Code Ann. § 3-1004, as amended, provides that an action for personal injury must be brought within two years from its accrual. Code Ann. § 3-808, as amended, allows a plaintiff who has timely filed such an action to refile it within six months from a dismissal without prejudice. CPA § 41 (e) (Code Ann. § 81A-141 (e)) provides that "Any suit in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff." See also, Ga. L. 1967, pp. 557, 558 (Code Ann. § 3-512). The "five-year rule" is mandatory and places squarely upon the plaintiff the duty to comply with the law and to obtain a written order of continuance or other written order at some time during a five year period and to make sure the same is entered in the record. *Norton v. Brady,* 129 Ga. App. 753 (201 SE2d 188); *Swint v. Smith,* 219 Ga. 532 (134 SE2d 595); *Dupriest v. Reese,* 104 Ga. App. 805 (123 SE2d 161). Dismissal is automatic on expiration of five years, acts on the part of the clerk in that regard being purely ministerial. *Freeman v. Ehlers,* 108 Ga. App. 640 (134 SE2d 530). Further, to void the operation of these sections and thus automatic dismissal, a plaintiff must obtain a written order and have it entered or filed within five years. *Swint v. Smith,* supra. *Bridger v. Bracewell,* 222 Ga. 856 (152 SE2d 839); *Covil v. Stansell,* 113 Ga. App. 179 (147 SE2d 479). Also see 56 AmJur2d 32, Motions, Rules and Orders, § 38, for the general rule with respect to the filing of orders, stating that they are not complete until filed or recorded. CPA § 58 (b) (Code Ann. § 81A-158 (b)) provides that: "The filing with the clerk of a judgment,

signed by the judge, constitutes the entry of such judgment, and, unless the court otherwise directs, no judgment shall be effective for any purpose until the entry of the same, as hereinbefore provided." *Bloodworth v. Thompson,* 230 Ga. 628 (198 SE2d 293).

In this case the order from this court to Fulton Superior Court affirming the prior judgment of the trial court as to its summary judgment in favor of Miss Georgia Dairies, Inc., was filed with the clerk of Fulton Superior Court on December 19, 1968. It is important to realize that at this time this remittitur was not an order because no judge of the trial court had yet signed it, and, even though it was filed by the Clerk of Fulton Superior Court it did not become an order until the trial judge signed it on January 10, 1969. However, after the trial judge signed the order on January 10th, it was not filed with the clerk, and therefore it never became an order of court by proper entry in the records of the trial court. Therefore, the six-month period in which the action could have been properly refiled ran out on February 21, 1974. The record shows that appellant did not refile the action until May 28th of 1974, and therefore appellant's action was barred by the two-year statute of limitation applicable to this type of action.

The fatal flaw in the record in this case as far as it applies to appellant's appeal is that there is no indication of filing of an order of the trial judge subsequent to this date on which the judge apparently signed the order making the judgment of this court the judgment of the trial court on January 10, 1969.

We do not discuss the purpose behind statutes of limitation and the "five-year rule," since these reasons have been set forth in complete detail in prior opinions of this court and of the Supreme Court of Georgia.

Since it is not necessary in deciding this case, we do not reach the alternative argument of appellee that the order signed by the trial judge on January 10, 1969, would not have been of benefit to appellant in staying the operation of the five-year rule, since the order concerned only the co-defendant in the original action, Miss Georgia Dairies, Inc., and did not affect in any way the case of appellee and appellant.

We note that this case presents an excellent justification for the existence of the "five-year rule." The incident on which the original action was based occurred November 21, 1961, over thirteen years before this appeal was filed with this court, and the applicable statute of limitation was only two years.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED MAY 6, 1975 — DECIDED JUNE 4, 1975 —
REHEARING DENIED JUNE 19, 1975.

*Neely, Freeman & Hawkins, Paul M. Hawkins, John E. Sawhill, III,* for appellant.

*Smith, Cohen, Ringel, Kohler & Martin, Fred W. Ajax, Jr.,* for appellee.