### 51493. SALTER v. CHATHAM COUNTY.

DEEN, Presiding Judge.

1. It is now firmly established that the "automatic dismissal" rule in Code § 3-512 means that the expiration of five years after the taking of the last written order renders the litigation entirely lifeless for all purposes. We

quote from *Milam v. Mojonnier Bros. Co.,* 135 Ga. App. 208, 210 (217 SE2d 355) as the latest reaffirmance of this construction: "The 'five-year rule' is mandatory and places squarely upon the plaintiff the duty to comply with the law and to obtain a written order of continuance or other written order at some time during a five-year period and to make sure the same is entered in the record. *Norton v. Brady,* 129 Ga. App. 753 (201 SE2d 188); *Swint v. Smith,* 219 Ga. 532 (134 SE2d 595); *Dupriest v. Reese,* 104 Ga. App. 805 (123 SE2d 161). Dismissal is automatic on expiration of five years, acts on the part of the clerk in that regard being purely ministerial. *Freeman v. Ehlers,* 108 Ga. App. 640 (134 SE2d 530). Further, to void the operation of these sections and thus automatic dismissal, a plaintiff must obtain a written order and have it entered or filed within five years. *Swint v. Smith,* supra. *Bridger v. Bracewell,* 222 Ga. 856 (152 SE2d 839)." See also *Majors v. Lewis,* 135 Ga. App. 420 (218 SE2d 130).

2. The only question presented for decision in this case is whether an action which expired on July 2, 1973, the end of the five-year period specified in Code Ann. § 3-512, may be revived by any of the following actions which subsequently took place: (a) appellant obtained a subpoena on September 9, 1974; (b) appellee obtained an order compelling answers to interrogatories on December 9, 1974; (c) a trial was held on April 24, and judgment on the verdict in favor of the appellant entered on April 27, 1975. Only after this judgment did the appellee raise the question by a motion to set aside for an unamendable defect appearing on the face of the record, which motion was granted and forms the basis of the present appeal.

We reluctantly hold that, after automatic dismissal as required by the statute, the case is no longer pending, and any further action, even trial and verdict, is a mere nullity. The question is not waiver but jurisdiction. Under *Swint v. Smith,* supra, invocation of the five-year rule is effective even after verdict and judgment since it is "no longer pending." It is "lifeless for all purposes." *Dollar v. Webb,* 132 Ga. App. 811 (209 SE2d 253). It results as a matter of law, and the court has no discretion to order it reinstated. *Freeman v. Ehlers,* 108 Ga. App. 640, supra. If the court has no power, the parties equally lack the

ability, by their failure to object, to effectuate a reinstatement of the litigation. They were equally at fault in not raising the issue prior to trial, but we do not agree with the appellant that because the appellee failed to raise the "nonamendable defect" issue prior to a verdict against it, it should be estopped now on the theory that it is unfair to allow a party to go to trial and, only after it has lost, complain. The same situation would have inured to the benefit of the appellant had she been the loser on the trial of the case.

3. Nor does it affect the result of the litigation that its subject matter is an appeal of an eminent domain case from the award of a special master. Code § 3-512 was amended in Ga. L. 1967, pp. 557, 558, to include "an appeal from an award of assessors or special master in a condemnation proceeding." This is controlling statutory law. *Fulton County v. Corp. &c. of Latter Day Saints,* 133 Ga. App. 847, 850 (212 SE2d 451). The appellant was in no way misled by the erroneous decision in *State Hwy. Dept. v. Union Oil Co.,* 129 Ga. App. 596 (200 SE2d 301) (overruled in *Corp. &c. of Latter Day Saints,* supra) because *Union Oil* was not decided until September 10, 1973, after the five-year rule had already attached to the present litigation some months previously.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

Argued October 30, 1975 — Decided November 18, 1975 — Rehearing denied December 4, 1975 —

*Falligant, Karsman, Kent & Toporek, Martin Kent,* for appellant.

*James M. Thomas, Arthur K. Bolton, Attorney General, William C. Joy, Assistant Attorney General,* for appellee.