## 55982. FIRST OF GEORGIA INSURANCE COMPANY v. GEORGIA POWER COMPANY.

DEEN, Presiding Judge.

First of Georgia Insurance Company filed suit against Georgia Power Company on September 30, 1971, seeking to recover damages to a building owned by its insured. On January 27, 1978, Georgia Power moved for dismissal of the complaint with prejudice pursuant to Code Ann. § 81A-141 (e), and the trial court entered an order on that date granting appellee's motion. On

January 31, 1978, after receiving a copy of the motion and the order in the mail, First of Georgia filed a motion to set aside and vacate the order on the ground that it was null and void because dismissal of the complaint under Code Ann. § 81A-141 (e) is without prejudice, and that it was not given any notice of the filing of the motion or the hearing on it. First of Georgia brings this appeal from an order of the trial court denying its motion to set aside and vacate the order dismissing its complaint with prejudice. *Held:*

This court has repeatedly held that a dismissal under Code Ann. § 81A-141 (e) is not a dismissal on the merits and that the plaintiff has six months from the date of automatic dismissal to refile its complaint. After six months the plaintiff cannot refile if the statute of limitation has run. See *Allstate Ins. Co. v. Dobbs,* 134 Ga. App. 225 (213 SE2d 915) (1975); *Dollar v. Webb,* 132 Ga. App. 811 (209 SE2d 253); *Jernigan v. Collier,* 131 Ga. App. 162 (205 SE2d 450) (1974); *Maxey v. Covington,* 126 Ga. App. 197 (190 SE2d 448) (1972); *Kalin v. Pfarner,* 124 Ga. App. 816 (186 SE2d 365) (1971). As no order was taken in this case within five years after it was filed, plaintiff's complaint was dismissed without prejudice by operation of law on October 1, 1976, under Code Ann. § 81A-141 (e). The trial court's order dismissing it with prejudice on January 27, 1978, was error and the order was null and void. *Salter v. Chatham County,* 136 Ga. App. 914 (222 SE2d 638) (1975).

The entry of the judgment appealed from was accordingly error, and such judgment is ordered stricken from the docket. *Freeman v. Ehlers,* 108 Ga. App. 640 (134 SE2d 530) (1963). All parties are placed in the same position as they were prior to the filing, hearing and granting of the motion by the trial court.

*Judgment reversed with direction. Smith and Banke, JJ., concur.*

SUBMITTED JUNE 6, 1978 — DECIDED JULY 14, 1978.

*Jay M. Sawilowsky,* for appellant.
*Wyck A. Knox, Jr., Raymond G. Chadwick, Jr.,* for

appellee.