63918, 63919. STONE et al. v. GREEN; and vice versa.

QUILLIAN, Chief Judge.

In case 63918, the plaintiffs' appeal a judgment dismissing their action because no written order was taken on the suit for over five years. See Code Ann. § 3-512 (Ga. L. 1953, pp. 342, 343; 1967, pp. 557, 558). See also Code Ann. § 81A-141 (e) (CPA § 41 (e); Ga. L. 1966, pp. 609, 653). In case 63919, the defendant cross-appeals on the grounds that the order dismissing the plaintiffs' complaint recites that such dismissal is "without prejudice." The defendant contends that the case should have been dismissed with prejudice. *Held:*

### 63918.

1. Attorneys for the plaintiffs point out that during the five-year period in question, stipulations for trial signed by plaintiffs' attorney were filed and interrogatories and depositions were taken and filed. It is therefore argued that the case sub judice had not been abandoned, and did not constitute either unresolved or inactive litigation. In an early decision construing Code Ann. § 3-512, the following language by our Supreme Court is pertinent: "The Act is mandatory. It places upon a plaintiff who wishes to avoid an automatic dismissal of his case by operation of law a duty to obtain a written order of continuance or other written order at some time during a five year period and to make sure the same is entered in the record." *Swint v. Smith,* 219 Ga. 532, 534 (134 SE2d 595). That case cited decisions by this court, among them being *Bowen v. Morrison,* 103 Ga. App. 632 (120 SE2d 57), and *Dupriest v. Reese,* 104 Ga. App. 805 (123 SE2d 161).

In *Bowen,* 103 Ga. App. 632, supra, although the case had been continued from time to time during a period of over five years, we held that to avoid the automatic dismissal there must have been an order reduced to writing and entered in the record. *Dupriest,* 104 Ga. App. 805, supra, involved a similar situation as to an agreement for continuance which was not reduced to writing; a notation by the clerk was found not to constitute an order. In like vein, see *Majors v. Lewis,* 135 Ga. App. 420 (218 SE2d 130) ("pretrial instructions" with printed

signature of the judge but not entered, held not to be order); *Salter v. Chatham County,* 136 Ga. App. 914 (222 SE2d 638) (certain acts accomplished after the expiration of the five-year period of Code Ann. § 3-512 and thus subsequent to the automatic dismissal would not serve to revive the action); *Harris v. Moody,* 144 Ga. App. 656 (242 SE2d 321) (agreement by counsel to continue did not extend five-year period); *Ga. Power Co. v. Whitmire,* 146 Ga. App. 29 (245 SE2d 324) (neither notation by judge as to continuance "by agreement" nor trial calendar designated "order assigning case for trial" was found to be sufficient); *Maroska v. Williams,* 146 Ga. App. 130 (245 SE2d 470) (order entered nunc pro tunc after expiration of five-year period would not resuscitate case which was already automatically dismissed); *Parkerson v. Indies Co.,* 148 Ga. App. 106 (251 SE2d 98) (letter assigning cases to trial did not constitute an order).

From a reading of the cases cited plus a consideration of many of the other cases dealing with Code Ann. § 3-512 as well as Code Ann. 81A-141 (e), the conclusion is inescapable that the provisions of the act are mandatory, the plaintiff having the burden of obtaining a written order and having it entered. *Johnson v. McCauley,* 123 Ga. App. 393, 394 (181 SE2d 111); *Milam v. Mojonnier Bros. Co.,* 135 Ga. App. 208, 210 (217 SE2d 355), and cases therein cited. No written order having been entered for a period in excess of five years, the case stood automatically dismissed and the trial judge did not err in entering an order officially recognizing such dismissal. *Burgess v. State of Ga.,* 221 Ga. 586 (146 SE2d 288); *Dollar v. Webb,* 132 Ga. App. 811 (209 SE2d 253).

### 63919.

2. The defendant, as cross-appellant, contends that the trial judge erred in dismissing the case "without prejudice." Instead, it is contended that the statute of limitations has run and, since more than six months had expired after the "automatic dismissal" of the case, that Code Ann. § 3-808 (Code § 3-808 as amended by Ga. L. 1967, pp. 226, 244) could not be utilized and the action was barred.

First of all, an automatic dismissal is not on the merits and thus is "without prejudice." *Covil v. Stansell,* 113 Ga. App. 179 (2) (147 SE2d 479). See also *Allstate Ins. Co. v. Dobbs,* 134 Ga. App. 225 (213 SE2d 915); *Calloway v. Harms,* 135 Ga. App. 54 (217 SE2d 184). The term "death" of the case as applied in *Dollar,* 132 Ga. App. 811, supra, refers to the pendency of the prior complaint, not to the cause of action. *Harris v. U. S. Fidelity &c. Co.,* 134 Ga. App. 739, 740 (216 SE2d 127).

What the defendant's argument overlooks is that the statute of

limitations prevents the enforcement of a claim, but not automatically. The principles involved are set forth in Davis and Shulman's Georgia Practice and Procedure (4th Ed.), § 26-23, as follows: "The advantage conferred upon the defendant by the statute of limitations being a mere privilege in his favor, and not a positive prohibition upon the power of the court to adjudicate a cause which may have been rendered stale by the lapse of time, it is necessary that the defendant show an indication of his election to avail himself of that advantage. Without such an indication, the court will proceed to judgment even though the claim be actually barred, and the defense of the statute will not be considered." Such judgment "... will possess all the attributes of, and be as effective as, a judgment rendered within the statutory period." Davis and Shulman's Georgia Practice and Procedure, § 26-3. CPA § 8 (c) (Code Ann. § 81A-108 (c); Ga. L. 1966, pp. 609, 619; Ga. L. 1967, pp. 226, 230) provides that the statute of limitations is an affirmative defense. As such, it is waived if not asserted. *Searcy v. Godwin,* 129 Ga. App. 827, 829 (1) (201 SE2d 670); *New House Products v. Commercial Plastics &c. Corp.,* 141 Ga. App. 199 (1) (233 SE2d 45). Since the statute does not operate as a matter of course, the appropriate time to assert such defense would be when a new suit is filed.

On the record before us, we find the defendant's attempt to raise the bar of the statute of limitations is premature and thus, the enumeration of error on the cross-appeal is without merit.

*Judgments affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED JULY 9, 1982.

*Bobby Lee Cook, L. Branch S. Connelly,* for appellant.
*L. Hugh Kemp, R. Leslie Waycaster, Jr.,* for appellee.