## 75509. NIXSON v. CHRIS LEASING, INC.
(365 SE2d 135)

BEASLEY, Judge.

On November 8, 1979 Chris Leasing brought suit against Nixson claiming damages under a car lease guarantee. Nixson answered and some discovery took place during 1979 and 1980. The case was scheduled for jury trial November 1981, but counsel agreed for it to be specially set and the case was removed from the trial calendar. The case then appeared on the June 2, 1986 trial calendar, no written order having been filed during the interim. Defendant moved to dismiss pursuant to OCGA § 9-2-60 (b) and plaintiff filed a motion for entry of a nunc pro tunc order of continuance. A hearing was held in August 1986 resulting in an order denying defendant's motion and granting nunc pro tunc November 10, 1981 a continuance to plaintiff. Defendant's motion for certificate of immediate review was denied and a trial resulted in a judgment for plaintiff.

Defendant assigns error on the failure to dismiss the action based upon OCGA § 9-2-60 (b), which provides that any action "in which no written order is taken for a period of five years shall automatically stand dismissed."

The trial court erred in denying the defendant's motion, granting the motion for continuance and permitting the case to proceed to trial. Construing the predecessor to the present code section, this court held in *Dollar v. Webb*, 132 Ga. App. 811 (209 SE2d 253) (1974): "[W]hen a case stood automatically dismissed this meant that it was completely lifeless for all purposes from the date of the dismissal, so that if not removed a motion to strike it from the docket would lie. . . . [T]he date on which the automatic dismissal occurred rather than the date on which it was physically stricken from the docket determined the time of death." After automatic dismissal under this

section, the case is no longer pending and any further action, even trial and verdict, is a mere nullity. *Salter v. Chatham County*, 136 Ga. App. 914, 915 (2) (222 SE2d 638) (1975); *Stone v. Green*, 163 Ga. App. 18 (1) (293 SE2d 506) (1982).

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JANUARY 14, 1988.

*Fredrick J. Kraus*, for appellant.
*Gerald B. Kline*, for appellee.