## A96A2316. PROSSER v. GRANT.
(479 SE2d 775)

BIRDSONG, Presiding Judge.

This suit seeks damages for injuries sustained by appellant arising from an automobile collision with a vehicle driven by appellee. Appellant/plaintiff Samuel Prosser appeals from the order of the superior court granting appellee/defendant Rudy Alexander Grant's motion to dismiss pursuant to OCGA § 9-11-41 (e). In granting the motion to dismiss, the trial court held that "no order was entered in this case within five (5) years from the date the same was filed and . . . it has been more than six (6) months from the date the case would stand automatically dismissed." Appellant's sole enumeration is that the trial court erred by granting the motion to dismiss "as an 'order' was entered, by the judge, within five (5) years of the filing of the original complaint."

Our review of the record confirms that, other than the trial court's order dismissing this case, it contains no written order duly entered and filed. Moreover, the record contains the affidavit of the clerk of the superior court, dated January 29, 1996, who also personally reviewed this record, as custodian thereof, and attests that, although the complaint was filed in July 1990, there have been no court orders entered in this case since the date of filing and through the date of her affidavit. On February 2, 1996, appellee filed a motion to dismiss pursuant to the provisions of OCGA § 9-11-41 (e); this motion was granted by an order filed on May 30, 1996. *Held*:

1. Appellant's brief contains several assertions of fact not supported by the record. Factual representations in briefs but not supported by the record cannot be considered in the appellate process. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (1) (366 SE2d 223).

2. OCGA § 9-11-41 (e) provides: "Any action in which no written order is taken for a period of five years shall automatically stand dismissed, with costs to be taxed against the party plaintiff. For the purposes of this Code section, an order of continuance will be deemed an order. When an action is dismissed under this subsection, if the plaintiff recommences the action within six months following the dismissal then the renewed action shall stand upon the same footing, as to limitation, with the original action." " 'This Act is mandatory. It places upon a plaintiff who wishes to avoid an automatic dismissal of his case by operation of law a duty to obtain a written order of continuance or other written order at some time during a five year period and to make sure the same is *entered in the record*.' " *Norton v. Brady*, 129 Ga. App. 753 (1) (201 SE2d 188). Dismissal cannot be avoided even by obtaining a written order signed by the trial court until such order is duly entered in the record by filing it with the clerk. Compare *Republic Claims Svc. Co. v. Hoyal*, 264 Ga. 127 (441 SE2d 755)

(written order within meaning of automatic dismissal statute, OCGA § 9-2-60 (b), must be written, signed by the trial judge, and properly entered in the records of the trial court by filing with the clerk); *Dept. of Transp. v. Tillett Bros. &c.*, 264 Ga. 219, 220 (443 SE2d 610); see *Stone v. Green*, 163 Ga. App. 18 (293 SE2d 506) and cases cited therein. The five-year rule of OCGA §§ 9-2-60 and 9-11-41 (e) " 'is mandatory and places squarely upon the plaintiff the duty to comply with the law and to obtain a written order of continuance or other written order at some time during a five year period and to make sure the same is entered in the record.' " *Southern Bell Tel. &c. Co. v. Perry*, 168 Ga. App. 387, 388 (308 SE2d 848). Appellant/plaintiff has failed to carry his burden in this case by making such a showing affirmatively by the record.

Appellant contends the five-year rule was not violated due to several actions by either the trial court or opposing counsel; however, none of these actions resulted in a written order being entered in the record of this case. Assuming arguendo that the trial court "told" the clerk of the superior court to remove this case from the court calendar and that it has not been placed back on the calendar since 1994, as "instructed" by the judge, such conduct does not constitute the entry of a "written order" within the meaning of the OCGA § 9-11-41 (e) five-year rule. Cf. *Parkerson v. Indies Co.*, 148 Ga. App. 106 (251 SE2d 98) (letter assigning case to trial not an order); *Ga. Power Co. v. Whitmire*, 146 Ga. App. 29 (245 SE2d 324) (notation by judge as to continuance by agreement does not extend five-year period); *Majors v. Lewis*, 135 Ga. App. 420 (218 SE2d 130) (pretrial instructions bearing judge's printed signature but not entered is not an order). Further, "an order as contemplated by [the five-year rule of OCGA § 9-2-60 (b) or § 9-11-41 (e)] is an order entered by a court in response to a motion initiated by a party. Housekeeping orders entered on the court's own motion, such as an order entered by the court removing a case from an active trial calendar because of its age or a pretrial calendar which contains a specific order directed at the attorneys and parties in all cases listed on such calendar, are not initiated by a party and would not toll the statute." *Dept. of Transp.*, supra at 221.

Appellant also argues, without citation of authority, that the superior court's "bar docket" serves as an order within the meaning of OCGA § 9-11-41 (e). The bar docket does not meet the criterion of a written order for purposes of the five-year rule. Id.; compare *Republic Claims Svc. Co.*, supra.

Defense counsel filed a formal request for leave of absence; however, the trial court did not enter a written order, pertaining to this matter, in the record of this case. Defense counsel's formal request for leave of absence did not, standing alone, satisfy the five-year rule requirements for a written, signed and entered order. Compare *West*

*v. Dept. of Transp.*, 174 Ga. App. 603 (330 SE2d 803) (order granting leave of absence, but filed only in the minutes of the superior court and never entered in the record, was not a written order taken in the case for purposes of OCGA § 9-11-41 (e)) with *Loftin v. Prudential &c. Ins. Co.*, 193 Ga. App. 514 (388 SE2d 525) (order granting leave of absence of defense counsel was written, signed, and duly entered); see *Ga. Power Co.*, supra; *Harris v. Moody*, 144 Ga. App. 656 (242 SE2d 321) (agreement by counsel to continue did not extend five-year period). Moreover, we will not presume from a silent record that such a written and signed order was, in fact, issued and entered timely; such a holding would be tantamount to a presumption of error on the part of the trial court. An appellate court will not presume error from a silent record. *Williams v. State*, 219 Ga. App. 167, 169 (2) (464 SE2d 404). Additionally, while generally plaintiff need not initiate the process resulting in a written order being signed, he must "insure that [the] order is entered before five years elapse." *Loftin*, supra at 515; see also *Harris*, supra. Appellant/plaintiff who failed to insure that an order granting defense counsel's leave of absence was entered in the trial record cannot now complain as to its absence; a party cannot complain of a result his own acts or omissions procured or aided in causing (see *Perryman v. Rosenbaum*, 205 Ga. App. 784, 790 (423 SE2d 673)). Appellant's various contentions in support of his single enumeration of error are without merit.

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED DECEMBER 11, 1996.

*Dozier, Lee, Graham & Sikes, Cheryl A. Sikes*, for appellant.
*Spivey, Carlton & Edenfield, J. Franklin Edenfield*, for appellee.