A01A2271. GOODWYN v. CARTER et al.
(555 SE2d 474)

ELDRIDGE, Judge.

On August 31, 1994, Ralph J. Goodwyn sued Dewey Carter, Tommy Brown, and Brown & Williamson Tobacco Company in the Superior Court of Bibb County. On September 30, 1994, after answering, the defendants had the case removed to the United States District Court for the Middle District of Georgia. On November 15, 1995, the federal district court determined that there was no federal subject matter jurisdiction and ordered the case remanded to the Superior Court of Bibb County; however, the records of the Superior Court of Bibb County do not contain such federal order filed in federal district court. The clerk for the federal district court transferred the closed federal court records to archives in Atlanta. On May

9, 2001, in the superior court, plaintiff filed a motion to reinstate and to reactivate the case, which had been automatically dismissed with the passage of five years without any order being filed, and did not seek to renew the action by refiling it. The defendants in opposition to the motion filed a copy of the federal orders of lack of jurisdiction and remand. On June 6, 2001, the trial court found that it lacked jurisdiction, because under OCGA § 9-11-41 (e) the case stood automatically dismissed for lack of an order being filed in the case within the time period of five years and the six-month grace period; the plaintiff has failed to recommence by filing a new action within the six-month grace period following the automatic dismissal; and the motion to reinstate came outside such six-month period. See also OCGA § 9-2-60 (c). We affirm.

On October 15, 2000, the complaint was automatically dismissed, because "no written order [was] taken for a period of five years" of record in the Superior Court of Bibb County. OCGA §§ 9-2-60 (b); 9-11-41 (e). Plaintiff took no action to reinstate or recommence the action by filing a recommenced action until May 9, 2001, which was outside the grace period which "recommences the action within six months following the dismissal." OCGA § 9-11-41 (e); see also OCGA § 9-2-60 (c). The dismissal occurs as a matter of law automatically without the necessity of entry of an order by the trial judge or any action marking it dismissed by the clerk on the court docket. *Swint v. Smith*, 219 Ga. 532, 533-534 (3) (134 SE2d 595) (1964); *Maroska v. Williams*, 146 Ga. App. 130 (1) (245 SE2d 470) (1978); *Norton v. Brady*, 129 Ga. App. 753 (1) (201 SE2d 188) (1973). The action of the clerk of court in marking a case dismissed after the period has run is ministerial only. *Norton v. Brady*, supra at 753. From the expiration of the five-year period when the case stands dismissed by operation of law until the actual marking of the case as dismissed, the case stands completely lifeless for all purposes from the date of automatic dismissal and not from the date the case is physically stricken from the docket. *Fulton County v. Corp. of the Presiding Bishop &c.*, 133 Ga. App. 847, 853 (3) (212 SE2d 451) (1975); *Dollar v. Webb*, 132 Ga. App. 811 (209 SE2d 253) (1974). Neither OCGA § 9-2-60 nor § 9-11-41 (e) is in conflict, and they are supplementary to each other, making the rule applicable to all proceedings. *Fulton County v. Corp. of the Presiding Bishop &c.*, supra at 849.

Any subsequent order after the automatic dismissal of the case is null and void, because the trial court has lost jurisdiction over the case, which no longer is pending before it. *First of Ga. Ins. Co. v. Ga. Power Co.*, 146 Ga. App. 756, 757 (247 SE2d 574) (1978). However, if a default occurs prior to the five years or a verdict has been returned prior to the expiration of the period but the judgment has not been entered until after the five years have elapsed, then the trial court

has the power to enter such judgment after the period. *Jefferson v. Ross*, 250 Ga. 817, 818-819 (301 SE2d 268) (1983); *Faircloth v. Cox Broadcasting Corp.*, 169 Ga. App. 914, 915-916 (315 SE2d 434) (1984). However, a trial and verdict, after the five-year automatic dismissal, are a mere nullity, because the trial court lost jurisdiction over the case and nothing pends in the trial court any longer. *Swint v. Smith*, supra at 535 (6); *Salter v. Chatham County*, 136 Ga. App. 914 (222 SE2d 638) (1975).

The five-year period is computed from the date of filing. *Ga. Power Co. v. Whitmire*, 146 Ga. App. 29, 31 (245 SE2d 324) (1978). While an action is pending in federal court after removal, the five-year period does not run, and the period does not resume running until remand, when the case resumes the status occupied prior to removal, because the jurisdiction of the state trial court has been suspended while the action pends in federal court. *Southern Bell Tel. &c. Co. v. Perry*, 168 Ga. App. 387, 388-389 (308 SE2d 848) (1983).

The mandatory duty to obtain and file an order falls upon the plaintiff to obtain a written order and have it entered upon the record to prevent an automatic dismissal. *Prosser v. Grant*, 224 Ga. App. 6, 7-8 (479 SE2d 775) (1996); *Milam v. Mojonnier Bros. Co.*, 135 Ga. App. 208, 210-211 (217 SE2d 355) (1975); *Norton v. Brady*, supra at 753. Not only must counsel for the plaintiff obtain an order during the time period, but counsel must also file the order with the clerk during such time period. *Republic Claims Svc. Co. v. Hoyal*, 264 Ga. 127, 128 (441 SE2d 755) (1994); *Dept. of Transp. v. Tillett Bros. Constr. Co.*, 264 Ga. 219, 220-221 (443 SE2d 610) (1994); *Prosser v. Grant*, supra at 8. The order must be initiated by a party instead of being a mere housekeeping administrative order initiated by the trial court, i.e., order setting a trial calendar, publishing a trial calendar, or removing cases from a trial calendar on the court's own motion. Id. at 7. Once a case has been dismissed by operation of law, "[the] trial court is without authority to order the action reinstated" before it. *Republic Claims Svc. Co. v. Hoyal*, supra at 128; see also *Dept. of Med. Assistance v. Columbia Convalescent Center*, 203 Ga. App. 535, 536 (1) (417 SE2d 195) (1992). The automatic dismissal is not with prejudice and does not act as res judicata. *Kalin v. Pfarner*, 124 Ga. App. 816, 817-818 (1) (186 SE2d 365) (1971). Under the statutory language, the automatically dismissed case may be refiled within six months of the automatic dismissal. OCGA §§ 9-2-60 (c); 9-2-61; 9-11-41 (e); *Brewer v. Thompson*, 135 Ga. App. 70 (217 SE2d 395) (1975). Any party dismissed under either section has a right to refile within six months from the automatic dismissal as the corrective remedy. *City of Chamblee v. Village of North Atlanta*, 217 Ga. 517, 522-523 (3) (123 SE2d 663) (1962). Thus, under both OCGA §§ 9-2-61 and 9-11-41 (e), the case may be refiled within six months as a matter of right

if not dismissed on its merits. *First of Ga. Ins. Co. v. Ga. Power Co.*, supra at 756; *Calloway v. Harms*, 135 Ga. App. 54 (217 SE2d 184) (1975); *Allstate Ins. Co. v. Dobbs*, 134 Ga. App. 225 (213 SE2d 915) (1975). Therefore, if the action has not been barred by the applicable statute of limitation, then it may be refiled under either OCGA § 9-2-61 or § 9-11-41 (e). *Berry v. Siskin*, 128 Ga. App. 3, 7 (4) (195 SE2d 255) (1973). However, if more than six months pass after the automatic dismissal and the statute of limitation has attached, then the plaintiff cannot refile the action. *First of Ga. Ins. Co. v. Ga. Power Co.*, supra at 756. If the action has been automatically dismissed and the statute of limitation has not run, then these statutes have no application, because they are to prevent the running of the statute of limitation, which would otherwise apply. *Brooks v. Douglas*, 154 Ga. App. 54, 55-56 (1) (267 SE2d 495) (1980); *Rakestraw v. Berenson*, 153 Ga. App. 513, 515 (266 SE2d 249) (1980). In this case, plaintiff did not refile but sought to revive or renew the existing action outside of the time period of five years and six months, which cannot be done by the plaintiff.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED OCTOBER 11, 2001 —
RECONSIDERATION DENIED OCTOBER 22, 2001 —

*F. Robert Raley*, for appellant.

*King & Spalding, Todd D. Wozniak, Michael W. Johnston*, for appellees.