257 So.2d 837

**Mattie CARROLL, as Admrx. etc.**

**v.**

**FLORALA MEMORIAL HOSPITAL, INC., a Corporation, et al.**

**4 Div. 424.**

Supreme Court of Alabama.

Feb. 3, 1972.

Albrittons & Rankin, Andalusia, for appellees.

Tipler, Fuller, Melton & Barnes, Andalusia, for appellant.

MERRILL, Justice.

This appeal is from a judgment of non-suit resulting from the sustaining of a demurrer to plaintiff's complaint as last amended.

The amended complaint alleged that plaintiff, Mattie Carroll, as administratrix of the estate of Lillie Carroll, deceased, claimed of the defendants, Florala Memorial Hospital, Inc., Dr. J. Paul O'Neal and others, damages for hospital, doctor's bills and drugs for treatment of injuries to her intestate caused by the combined and concurrent negligence of defendants from the time of said intestate's injury until such time as her intestate died. The amended complaint also included the allegation that the defendants "negligently permitted said plaintiff's intestate to fall from the bed where she lay which so injured her that she died."

Obviously, this allegation, when read with the other parts of the amended complaint claimed compensatory damages for an alleged wrongful act causing death. But appellant states in brief:

"This is not a wrongful death action. Appellant's suit is for medical expense incurred after a negligent injury and prior to death. Appellant is aware that Alabama's wrongful death statute allows for punitive damages not compensatory. The wrongful death statute is not applicable here as the damages claimed by Appellant's intestate were incurred prior to death. Appellant says that the period following negligent injury until death is without the purview of the wrongful death statute as well as damages sustained within that period."

After discussing some of our cases and the failure of the Legislature to allow a suit like the instant one when it amended Tit. 7, § 150 in 1951, appellant further suggests in brief:

"Appellant therefore asks this Court to reconsider its previous decisions concerning the common law principles relating to survivability of causes of actions and declare that it is hereby changed to allow personal representatives to maintain suits to enforce tort claims to correspond with a personal representative's statutory ability with respect to contract causes of action."

Finally, appellant states in her reply brief: "Appellant does ask this Court to allow that she maintain two actions . . . one for medical expenses and one for wrongful death."

The answer to these statements is that neither our statutes nor case law provide for such a suit as appellant is attempting to pursue. In Wynn v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228, this court said:

"* * * We have in Alabama, as we have seen, statutes as to the survival of actions, but none as to the survival of causes of action, unless the homicide statute and the employer's liability act are such statutes. * * *"

We also said that "it is certain that the word 'action,' as used in the statutes, does not mean or include the phrase 'cause of action,' because both the word and the phrase are used in the statutes, and unmistakably used to refer to different things, and are in no case used as synonyms."

The *Wynn* case probably caused the Legislature to amend Tit. 7, § 150 in 1951 by adding that personal causes of action survived against the personal representative of a deceased tort-feasor, but a reading of the statute as amended clearly shows that the Legislature did not add a provision that personal causes of action survive in favor of personal representatives. The effect of the amendment was considered in McDowell v. Henderson Mining Co.,

276 Ala. 202, 160 So.2d 486, and this court again held that personal cause of action did not survive in favor of personal representatives. And we further held that if a remedy was necessary it was a matter for the Legislature and not this court.

We have also consistently held that even an action begun before death for injuries to a person does not survive to the personal representative if death results from the injuries. Bruce v. Collier, 221 Ala. 22, 127 So. 553, and Parker v. Fies & Sons, 243 Ala. 348, 10 So.2d 13. As already noted, one of the allegations in the instant case alleged that death resulted from the injuries.

We consider all the authorities cited supra as holding against the contention of appellant, and we are not convinced that we should accede to appellant's request to overrule all these cases and permit a cause of action not sanctioned by the common law, our statutes or our case law.

Affirmed.

HEFLIN, C. J., and LAWSON, HARWOOD and MADDOX, JJ., concur.