294 So.2d 82 (1973)
STATE of Florida, Petitioner,
v.
Wilmon CONEY, Respondent.
No. 43392.
Supreme Court of Florida.
October 31, 1973.
Rehearing Granted April 17, 1974.
*83 Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for petitioner.
Louis O. Frost, Jr., Public Defender, and Steven E. Rohan, Asst. Public Defender, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, First District, reported at 272 So.2d 550. Conflict has been alleged between the decision sought to be reviewed and State v. Crawford.[1] The petition for writ of certiorari reflected apparent jurisdiction in this Court. We issued the writ and have heard argument of the parties. Upon further consideration of the matter, we have determined that the cited decision presents no direct conflict as required by Article V, Section 3(b) (3), Constitution of the State of Florida, F.S.A. The writ must be and *84 hereby is discharged, for reasons which will be set out below.
The facts of the case are as follows:
The Respondent, defendant below, after being charged with first degree murder, filed a discovery motion in which he requested "[t]he criminal records, FBI records, or any list or summary reflecting the criminal records, of all persons whose names are required to be furnished under a previous offer by defendant to exchange witness lists under Rule 1.220(e) of the Criminal Procedure Rules if such records are in the possession of the State of Florida or its agents".[2]
The trial court held a hearing on this motion, at which Petitioner contended that this Court's opinion in State v. Crawford, supra, was controlling, and would require a denial of the above portion of the motion.
The trial court, however, entered its order upon the motion, and stated, in part:
"[The foregoing request is hereby granted] to the extent that the information sought ... is within the actual or constructive possession of the State of Florida. The term constructive possession shall include the ability of the State to obtain such data by virtue of the State being a party to any compact or agreement with the Federal Bureau of Investigation, and shall include any data within the actual or constructive possession of the Bureau of Law Enforcement in Tallahassee, Florida. The objection that the data is not in the physical possession of the State's Attorney's office of the Fourth Judicial Circuit is denied, since the State of Florida is prosecuting this action, not the State Attorney's office."[3]
Petitioner appealed to the District Court of Appeal, First District, which affirmed, holding:
"The entire purpose of pretrial discovery in criminal cases is to assure a defendant charged with crime the right to a fair trial. Certainly a defendant should not be permitted to so employ the pretrial procedures as to require the state attorney to investigate or prepare his case for him, or to disclose to him information or documents which, by the exercise of due diligence, are readily available to him by subpoena or deposition."
* * * * * *
"We are here dealing with a pretrial discovery order which requires the State to disclose to defendant the criminal records of all state witnesses which are in the possession of the State, its agents, or the Federal Bureau of Investigation, which records are wholly unavailable to defendant but are readily available to the State and are in the actual or constructive possession of the state attorney to whom the order is directed."
* * * * * *
"The records required to be disclosed in the case sub judice are either in the possession of the state attorney, the Bureau of Law Enforcement of the State of Florida at its office in Tallahassee, or are readily available to that agency by electronic communication from the records of the Federal Bureau of Investigation in Washington and obtainable under a compact existing between our state and federal governments. The Federal Bureau of Investigation information is quickly and effortlessly obtained by pushing a button in the computers and almost instantaneously receiving a print-out of the information requested. The office of the Bureau of Law Enforcement in Tallahassee is directly connected to the sheriffs' offices over the state in such manner that information furnished by it can be immediately transmitted by electronic means. The motion for discovery filed by defendant for information not available to him is directed to the State of Florida which has the means of providing it to him in a prompt and efficient manner without *85 burdening to any great extent the office of state attorney."
* * * * * *
"[I]t is our view that all pertinent and material information requested by a defendant which is necessary to assure him of a fair trial and which is not otherwise available to him by the exercise of due diligence should be made available by the State of Florida if such information is contained in its files and records or may be readily procured by it through its compact arrangements with the Federal Bureau of Investigation."
* * * * * *
"From the foregoing it is our view that when a pretrial motion for discovery, such as that involved in this case, is presented to the trial court for a ruling, a determination should first be made as to whether all or any part of the information sought by defendant is readily available to him by the exercise of due diligence through deposition, subpoena, or other means. If so, the motion should be denied; if not, the court should then proceed to a determination as to whether the information sought may reasonably be considered admissible and useful to the defense in the sense that it is probably material and exculpatory. If this determination is resolved in the affirmative, the motion should be granted; otherwise, denied."
* * * * * *
"So long as the pertinent and relevant information requested by a defendant is readily available to the state attorney from other state governmental agencies for his use in the prosecution of the case even though not reduced to his actual possession, then it should likewise be made available to the defendant upon his timely demand."[4]
Petitioner has alleged conflict between the instant case and State v. Crawford, supra. In Crawford, this Court noted that neither a criminal record nor an FBI rap sheet is admissible evidence for the purpose of allowing defense counsel to prove the witness' prior convictions. However, this Court further noted that the information therefrom that would lead defense counsel to admissible evidence should be divulged, although the actual criminal record, or rap sheet, with its many irrelevant notations, should not be divulged. It is clear that the Order of the trial court takes into account the holding of State v. Crawford by allowing the discovery of "the criminal records, FBI records, or any list or summary reflecting the criminal records"[5] of the State's prospective witnesses. Here, the State can comply by furnishing said list or summary of what appears in the criminal or FBI records without violating the principles of State v. Crawford.
We are more concerned, however, with another part of the State v. Crawford holding, which provides:
"[T]he prosecuting attorney may be required to disclose to defense counsel any record or prior criminal convictions of defendant or of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial, if such material and information is within his possession. If not in his possession, the prosecuting attorney should not be required to secure this information for defense counsel".[6]
It is argued that State v. Crawford, although only referring to "possession", stands for the proposition that "actual possession" on the part of the State Attorney is necessary before he is required to disclose such summary of records. If such a *86 connotation was intended by this Court, the First District's opinion requiring merely constructive possession is clearly in conflict with State v. Crawford. We hereby hold that such a connotation was not intended by this Court, and that, therefore, no conflict exists.
In Aaron v. State,[7] this Court, citing the Second District case of State v. Gillespie,[8] recently noted that:
"The adversary system is still at the core of our Anglo-American concept of the truth-finding process; and constitutional concern demands ... that such process be fair... . [T]he underlying principle supporting the whole idea of criminal pre-trial discovery ... is fairness."[9]
In Gillespie, the Second District had gone on to point out that:
"[D]enial of timely discovery from the prosecution of otherwise unascertainable evidence favorable to the accused may affect the fairness of the trial itself to such a degree that one convicted at such trial would be denied due process."
* * * * * *
"[C]ommon to all these cases is the fact that the evidence in question was otherwise unavailable to the accused."[10]
This Court, in State v. Crawford, supra, also quoted, with approval, language from Gillespie:
"We conclude ... that any mandate deducible from the federal decisions on the question of what the prosecution is required to disclose to an accused in a criminal case, concerns itself in the first instance only with those matters of which the accused cannot, by reasonable diligence, otherwise avail himself ... ."
"[O]ur courts need ... be now concerned with those cases in which the evidence sought to be discovered cannot otherwise be discovered under the rules."[11]
The foregoing language from Crawford mirrored as it is in the comprehensive opinion of the First District sub judice,[12] clearly admits of no possible connotation which would require the sought-after information to be in the actual possession of the State Attorney before discovery could be had. The First District's holding that the defendant was properly allowed discovery as to the criminal records of the State's witnesses to the extent that said information was in the actual or constructive possession of the State, not limited to that in the physical possession of the State Attorney's office, and including that data obtainable from the FBI, etc., rather than being in conflict with the principles of Crawford, clearly flows directly from them, and from the principles announced in Aaron v. State, supra, and State v. Gillespie, supra.
The dissenting opinion sub judice mentions the provisions made for discovery under the Federal Rules of Criminal Procedure, stating:
"In contrast with the liberal discovery rules now prevailing in Florida, it is noted that the provisions made for discovery in the Federal Criminal Procedure Rules not only do not permit discovery of criminal conviction records of witnesses intended to be used by the government in federal prosecution, but those rules do not even permit discovery of the names of the witnesses that are going to be used against a citizen charged with violating a federal law in the federal courts!"

*87 * * * * * *
"When viewed against the standard of due process thus afforded an accused under the federal practice, it can hardly be argued that defendant in a state prosecution is deprived of a fair trial when F.B.I. rap sheets and conviction records of witnesses are not required to be obtained by the prosecuting attorney for the defense."[13]
As we noted earlier, "the whole idea of criminal pre-trial discovery, * * * is fairness."[14] In the implementation of that idea, we think that the Florida Rules of Criminal Procedure are more effective than Federal Rules.
Accordingly, no direct conflict having been demonstrated, the writ must be, and hereby is, discharged.
It is so ordered.
CARLTON, C.J., and ERVIN and McCAIN, JJ., concur.
ROBERTS, J., dissents.

ON REHEARING GRANTED
PER CURIAM:
Upon consideration of the petition for rehearing and clarification, we are constrained to clarify the meaning of the phrase "actual or constructive possession" of records as used in our opinion herein and as we understand its meaning in the use of such term in the courts below. Criminal records of potential State witnesses are in the "actual or constructive possession" of the State only if:
(1) the records are in the physical possession of any state prosecutorial or law enforcement office; or
(2) the fingerprints of the witness are already within the physical possession of any such office and this fact is known to the office of the State Attorney, thus giving the State access to the information by way of state and federal compacts through a system based on fingerprints; or
(3) the State is able to obtain the fingerprints of the witness by his own voluntary cooperation.
By this third criterion for constructive possession, we do not intend to imply that the State must demand that each potential witness be fingerprinted, but only that the State, upon request of the defendant, after exhaustion by defendant of other available means and remedies, must ask the witness if he is willing to be fingerprinted in order to obtain access to the computerized records system involved. If the witness declines such request, the State is under no obligation to pursue the matter any further. For, as we also stated in Crawford:
"the prosecuting attorney should not be required to actively assist defendant's attorney in the investigation of the case."
The requirement of Crawford as to the prosecuting attorney securing the information for defense counsel arises only upon a showing that defense counsel has first exerted his own efforts and resources and has pursued and concluded other available means and remedies available to him to obtain such information. Judge Spector's cogent dissent in the district opinion well articulates such preliminary predicate. See also new CrPR 3.220(d), 33 F.S.A., approved since the district holding.
The clarified procedure herein will normally assure that the criminal records of those witnesses whose testimony is most open to impeachment by virtue of past criminal offenses, in particular, co-defendants, co-conspirators, and other witnesses allegedly involved in the commission of the crime in question, will thus be *88 made available to the defendant, since either their criminal records or their fingerprints will normally be in the actual possession of the state attorney's office in connection with the preparation of the case or will be required upon the proper showing herein explicated. At the same time, this procedure will avoid any requirement that the prosecuting attorney "prepare" the case on behalf of the defendant. Nor will this procedure require the prosecuting attorney to obtain criminal records of that class of witnesses whose testimony is not seriously subject to impeachment by virtue of any past criminal transgressions, such as medical experts, police officers and innocent bystanders, except to the extent that they voluntarily allow themselves to be fingerprinted upon request. No compulsion is permissible to compel such consent.
Our prior opinion is modified to the extent hereinabove set forth. In all other respects, the petition for rehearing and clarification is
Denied.
ADKINS, C.J., and ROBERTS, ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.
NOTES
[1] 257 So.2d 838 (Fla. 1972).
[2] 272 So.2d at 552. (Emphasis supplied).
[3] Id.
[4] Id. at 552-555. (Emphasis supplied.)
[5] See note 2, supra. This request mirrors that made in Crawford. See 257 So.2d at 899.
[6] 257 So.2d at 901. (Emphasis supplied.)
[7] 284 So.2d 673 (Fla. 1973).
[8] 227 So.2d 550 (Fla.App.2d 1969).
[9] 284 So.2d at 677, n. 18. (Emphasis supplied, citing 227 So.2d at 553.
[10] 227 So.2d at 553-554. (Emphasis supplied).
[11] 257 So.2d at 889-890. (Emphasis supplied,) citing 227 So.2d 555.
[12] See note 4, supra.
[13] 272 So.2d at 557 (Citations omitted.)
[14] See note 9, supra.