BOOTH, Judge.
This cause is before us on appeal from the order of the Circuit Court granting appel-lee’s motion to compel discovery of the confidential informer of one W.L. Merritt, a special agent for the Naval Investigative Service. Agent Merritt made the following affidavit which formed the basis for the search warrant for a house trailer owned by appellee:
“Your affiant has been working with a previously reliable confidential informant who has been inside the above-described house trailer within the past seven days. While inside the house trailer said confidential informant observed two large bags of cannabis, commonly known as marijuana. The occupant of the trailer also represented to said informant that the substance was marijuana.
The confidential informant has identified cannabis in the presence of your, affiant. Your affiant is a Special Agent for Naval Investigative Service and is familiar with the appearance of marijuana. Said confidential informant bought a portion of the substance from the occupant of the above-described house trailer and turned it over to your affiant and your affiant recognized it to be capnabis, commonly known as marijuana. Said confidential informant has given information to Naval Investigative Service which has proven reliable on at least four occasions, two of which led to convictions, the other two are still pending.”
The search by Duval County authorities revealed drugs and drug paraphernalia, and appellee was charged with possession of: (1) more than five grams of cannabis, (2) mescaline, (3) tetrahydrocannibinolis and (4) drug paraphernalia. Appellee moved to suppress the evidence and to compel disclosure of the confidential informer.
The trial court correctly upheld the validity of the search warrant based on information given by an unnamed informant and denied the motion to suppress. The law is clear, and the trial court correctly held, that a search warrant may be based on hearsay information given by an unknown or unidentified person.[1]
The second order of the trial court, however, requiring disclosure of the unnamed informer, is erroneous since that individual is, admittedly, the confidential informer of Agent Merritt, a special agent for the Naval Investigative Service, and appel-lee makes no showing that the identity of the informer is necessary for preparation of his defense. The trial court required disclosure even though the court expressly found that defendant “had not shown sufficient factors to cause the disclosure of the informant,” stating:
“[Ejither Defendant possessed the controlled substance, or he didn’t — the informant can not add anything to the facts as charged, so there is no known benefit that can accrue to the Defendant at the trial and the truth of the charge against Defendant will not depend upon the testimony of the informer. . . . ” (e. s.)
The trial court’s conclusion was that the privilege did not attach to Agent Merritt’s informer in the State proceeding.
Appellee’s contention is that the privilege of nondisclosure does not attach as to the informer in this case because Agent Merritt was not “charged with the enforcement of that law,” i. e., Florida Statute § 893.03, which is the basis of the charges against appellee. Specifically, appellee urges that the officer or other public official to whom the informer imparts his information must have the power to arrest for the offense *503 disclosed by the informer’s tip or there is no privilege of confidentiality. Appellee also contends that Agent Merritt has no investigative powers outside the naval installation if non-military personnel are involved. Neither contention has merit.
The governmental privilege of nondisclosure of the confidential informer is not limited to law enforcement officers or to officers charged with enforcement of the particular law for which the accused is on trial.[2] As authority to the contrary, appel-lee relies on the following statement in Roviaro v. U. S., 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957):
“What is usually referred to as the informer’s privilege is in reality the Government’s privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law.” (e. s.)
The foregoing defines the privilege in terms of the factual situation in the Roviaro case[3] and the situation generally encountered, but does not thereby limit the confidential informer privilege as contended by appel-lee.[4] No subsequent decisions have interpreted Roviaro to impose the underscored words in the above quote as a new and additional requirement of the privilege of non-disclosure. Nor do we.
The question here is not whether Agent Merritt could enforce, or arrest for violation of, Florida laws, but whether he received the information supporting the issuance of the search warrant in the course of his official duties as an investigative officer for the U.S. Navy. There is no contention that Agent Merritt received the information other than in the course of his official duties. The holding below is, however, that Agent Merritt is no more than a private individual insofar as matters occurring off the naval base and therefore no privilege of confidentiality exists as to the informer who supplies information as to matters occurring off the naval base. In the lower court and on appeal, appellee relies on a portion of the Department of Navy Instructions which defines the duties of “command investigators” and improperly equates these investigators with NIS special agents, whose duties are defined in the same instructions.[5] Command investigators, defined to include military police, shore patrol, provost marshals, are limited in their activities to the investigation of “minor criminal offenses” and those “of a purely military character,” with off-base investigative activities restricted to a mini *504 mum and to the immediate area surrounding the installation.[6]
Agent Merritt, the affiant in this case, is not a “command investigator” and is not so limited. As a special agent of the NIS he is invested with the responsibility for investigation of major criminal offenses, defined to include offenses against state laws as well as minor criminal offenses which have aspects involving “narcotics, dangerous drugs or controlled substances.”[7] Therefore, it is clear that Agent Merritt was acting properly within the scope of his duties in receiving the information, and as required by the naval instruction, in “making investigative referrals in behalf of command.”[8] As stated in U. S. v. Brouillette, 478 F.2d 1171, 1177 (C.A. 5th 1973):
“After all, under the system of federalism, there is room for dual State-federal activity. Federal officials often refer information they have received to State officials for possible prosecution. . .”
The trial court recognized that its decision requiring disclosure would make cooperative efforts between law enforcement agencies difficult, stating:
“Obviously, as numerous as our law enforcement agencies are, there are bound to be cases, similar to this one, wherein one agency, not charged with enforcement of a law, obtains information that would be helpful to another law enforcement agency charged with the enforcement of a particular law. In such case the information should be turned over to the proper law enforcement officer . However, this might in some instance, such as this, lead to a ‘Catch 22’ situation. In this case if the affiant had introduced the informant to the Sheriff’s Office, the Sheriff’s Office would not be able to vouch for the (sic) reliability since the informant had not previously been used and produced reliable results for the Sheriff’s Office. . . (e. s.)
*505 Indeed, under the lower court’s ruling, cooperation among law enforcement agencies in cases involving a confidential informer can jeopardize the informer of the cooperating officer without the accused having to make the showing of necessity for disclosure traditionally required.[9] There is no basis in law or reason to penalize cooperation between law enforcement agencies by refusing to recognize the confidentiality of the informer of the cooperating agency to the same extent as informers of the agency charged with the enforcement of the particular law violated.[10]
In U. S. ex rel. Coffey v. Fay, 344 F.2d 625 (2nd Cir. 1965), a state prosecution for robbery, the court refused to require disclosure of the confidential informer of an FBI agent who provided information leading to the arrest. and accompanying search by state officers. The opinion states (344 F.2d at 629):
“About two months after the theft of the jewels, Gilhofer [FBI agent] obtained information implicating [the defendants] in the crime. He decided that ‘there was no apparent federal violation’ involved, so he invited the New York City authorities to join in arresting the two men. .
* * * * *
FBI agents presumably have no authority under federal law to make arrests on state charges. . . . ” (e. s.)
The FBI agent testified, in the State prosecution, but the State court refused to require disclosure of the identity of his informer. In the federal habeas corpus proceeding, the court ruled that the identity of the confidential informer was privileged, stating (344 F.2d at 633):
“The same exigencies of law enforcement which dictate reliance on hearsay and other extrajudicial types of evidence in the making of arrests may also compel the use of informers whose names cannot be disclosed . . . [G]ilhofer’s primary obligation in the time available to him was to arrange for the arrests and not to seek to obtain the same information from sources wholly independent of the informer. . . ”
Although the FBI agent was not charged with enforcement of, and had no authority to arrest for, the state robbery offense,[11] his informer was protected by the privilege of non-disclosure.
Finally, we note that Rule 3.220(a)(l)(i), Florida Rules of Criminal Procedure,[12] relied on by the appellee, is not applicable here to require disclosure of the federal agent’s informer, since the information is not in the actual or constructive possession of the State, as required by State v. Coney, 294 So.2d 82 (Fla.1974).
Accordingly, the order requiring disclosure is REVERSED and the cause REMANDED for further proceedings consistent herewith.
MILLS, Acting C. J. and ERVIN, J., concur.

. McCray v. State of Illinois, 386 U.S. 300, 311, 87 S.Ct. 1056, 1062, 18 L.Ed.2d 62 (1967):
“ ‘[A]n affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant,’ so long as the magistrate is ‘informed of some of the underlying circumstances’ supporting the af-fiant’s conclusions and his belief that any informant involved ‘whose identity need not be disclosed * * * ’ Was ‘credible’ or his information ‘reliable.’ Aguilar v. State of Texas, supra, (378) U.S. [108], at 114, [84 S.Ct. 1509, 12 L.Ed.2d 723] . . .” (emphasis theirs)

. Wigmore, Evidence, at 767, 777 (McNaughton Rev. 1961):
. The privilege applies to communications to such officers only as have a responsibility or duty to investigate or to prevent public wrongs. . . . This ordinarily signifies the police and officials of criminal justice generally. But it may also include administrative officials having a duty of inspection or of law enforcement in their particular spheres. The truth is that the principle is a large and flexible one.
******
It is not doubted that the government's privilege not to disclose the identity of an informer applies as much when the informer imparts his information to a judge or as when he imparts it to the police or prosecutor.” (e. s.)

. In Roviaro the informer supplied information on violations of federal drug law violations to federal officers. The Supreme Court required disclosure of the informer’s identity based on the accused’s showing of the informer’s participation in the illegal activities charged and necessity of disclosure for the defense.

. In Black v. Sheraton Corp., 47 F.R.D. 263 (D.C.1969), the same type of argument made here as to the Roviaro definition was made as to the “supply information” part of the definition and was rejected:
“The actual scope of factual situations in which the privilege has been invoked, however, is significantly broader [than Roviaro ]. It has been held to apply not only to persons who supply information to the authorities but also to those who cooperate with or assist a law enforcement agency. . . (e. s.)

. Department of Navy SECNAV INSTRUCTION 5520.3 of 16 July 1975; DoD DIRECTIVE 5105.42, 38 Fed.Reg. 7131 of March 16, 1973.

. Department of Navy, SECNAVINST 5520.3, OP-009C, 16 July 1975:
“Use of Command Investigators Certain Navy and Marine Corps commands maintam an investigative capability organic to masters at arms forces, military police, base police, security or guard forces, shore patrol, provost marshals, and other compositions. Use of these investigators for criminal and security investigations shall be limited to minor criminal offenses, as defined in this instruction, and those of a purely military character, when the offense involves only Navy or Marine Corps personnel or dependents, and investigation is confined to a ship or station. Off-base investigative activities, with the exception of normal liaison with local law enforcement agencies, shall be restricted to a minimum and to the immediate area surrounding the installation.” (e. s.)

. Department of Navy, SECNAVINST 5520.3, OP-009C, 16 July 1975:
“Major Criminal Offense (1) The NIS is the agency within the Department of the Navy responsible for the investigation of actual, suspected, or alleged major criminal offenses committed against a person, the United States government or its property, and certain classes of private property, including attempt or conspiracy to commit such offenses. A major criminal offense is defined for purposes of this instruction as one punishable under the Uniform Code of Military Justice by confinement for a term of more than 1 year, or similarly framed by federal statutes, state, local or foreign laws or regulations. Incidents of actual, suspected or alleged major criminal offenses coming to command attention (with the exception of those which are purely military in nature) must be immediately referred to the NIS.
******
(3) In addition to referral [by command to NIS] of major criminal offenses, when any of the following circumstances occur, command shall promptly provide available information to the NIS for preliminary inquiry to determine if a request for full investigation is warranted:
* * * * * *
(d) When aspects surrounding a nominally minor incident which are of a potentially sensitive nature. Such considerations might include, but are not limited to, incidents involving . . . narcotics, dangerous drugs or controlled substances. .
******
(4) A major criminal offense, as defined, may constitute a violation of both military and civil law, and may involve both military personnel and civilians. Sole or concurrent jurisdiction may also rest with another agency outside the Department of Navy. The NIS is responsible for making investigative referrals in behalf of command in these instances.” (e. s.)

.Ibid.

. Hatchett, Discovering the Identity of the Informer, 46 Fla. Bar Journal 644, 647 (1972):
“In order to force disclosure of the identity of the informer, an accused must show that such disclosure is relevant to the defense of his case on the merits. The request for disclosure cannot be merely in furtherance of a motion to suppress. The defense must affirmatively show that the informer played a part in the transaction with which the defendant is charged. . . ”

. See, U. S. v. Echols, 577 F.2d 308, 311 (C.A. 5th 1978):
“The sole issue presented is whether the federal agent could lawfully be present during the proper execution of that [state] warrant. This Court has previously answered this question in the affirmative, and we have emphasized that we do not in any way wish to discourage cooperation between federal and state law enforcement officers.” (e. s.)

. Accord, U. S. v. Sellers, 483 F.2d 37 (C.A. 5th 1973). Motion to suppress denied in federal gambling prosecution even though the gambling apparatus was seized under a warrant issued on information supplied by State officer’s “confidential informer.”

. Fla.R.Crim.P., Rule 3.220(a):
“(1) [T]he prosecution shall disclose to defense counsel . . . the following information and material within the State’s possession or control:
(i) The names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged and to any defense with respect thereto.” (e. s.)