This is an appeal from an order granting summary judgment in favor of the defendants in a case in which the plaintiff, Virginia Bates, executrix, alleged that the defendants defrauded plaintiff's testate with respect to a policy of insurance. Before the present case was filed, two other cases had been filed by Virginia Bates, individually, claiming benefits from the same defendants as in the present case under policies of insurance allegedly issued by the defendants to her deceased husband. The district court cases were tried before the filing of the case now on appeal. The trials in the district court resulted in judgments in favor of the defendants in one case and in favor of the plaintiff in the other. The case decided in favor of the plaintiff was appealed by the defendants to the circuit court and was pending in the circuit court when the present case was filed.
The answer filed by the defendants in the present case raised the defenses, among others, of failure to state a claim, res judicata, and a bar to the suit by operation of Code 1975, §6-5-440. Defendants also filed a motion for summary judgment asserting res judicata and § 6-5-440, supra, which provides that the pendency of a case is a bar to any later case for the same cause and against the same party. Attached as exhibits to the motion for summary judgment were copies of the complaints that had originally been filed in the District Court for Jefferson County by Virginia Bates against the defendants.
The defendants' motion contended that the two district court cases were a bar to the present case for different reasons. Defendants Alabama Central Credit Union and CUNA Mutual Insurance Society contended that the final judgment in their favor in the district court had res judicata effect in the present case and that the motion for summary judgment should be granted on that ground. Defendants L N Employees Credit Union and CUNA contended that the pendency of the earlier district court suit against them (then pending in the circuit court after appeal by the defendants from an adverse decision) was a bar to the present case by operation of Code 1975, § 6-5-440.
Plaintiff's attorney filed an affidavit in opposition to the motion for summary judgment in which he stated that the later (present) case was a fraud action which was discovered by him during the trial of the two district court cases and thus could not have been filed or adjudicated earlier. Summary judgment was granted in favor of all defendants and this appeal followed.
We affirm.
If the complaint in the present action could be construed to state a claim on the alleged contract, it is barred either by §6-5-440, supra, because the same action is still pending on appeal to the circuit court or it is res judicata, the contract action in the other case having involved the same issues, identical parties and having been decided in favor of the defendants. Wheeler v. First Alabama Bank of Birmingham,364 So.2d 1190 (Ala. 1978).
As we read it and as the plaintiff's counsel concedes, the present action sounds in tort and no action having been filed before the death of the allegedly defrauded party, it does not survive in favor of his personal representative. Code 1975, §6-5-462. Sanford v. Western Life Insurance Company,368 So.2d 260 (Ala. 1979). *Page 325 
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.