Steve Price elected to and did file this Federal Employers' Liability Act action against Illinois Central Gulf Railroad Company in the State courts of Alabama on July 7, 1986, for an injury that Mr. Price received on June 7, 1985, in Hinds County, Mississippi. Thereafter, Mr. Price died of unrelated causes. On January 20, 1987, an attorney for Illinois Central filed a suggestion of death in the State court action, and served a copy of this on attorneys of record for Mr. Price. On July 31, 1987, a motion to dismiss with prejudice was filed by Illinois Central, in which it was alleged that six months had passed since Mr. Price's death was suggested on the record and no motion for substitution had been filed in accordance with Rule 25(a)(1), A.R.Civ.P. The fact that no substitution was filed within the six months or prior to the filing of the motion to dismiss is not disputed.
The trial court dismissed the action without prejudice, correctly noting that this Court has not decided whether Rule 25(a)(1) dismissals should be with or without prejudice. We granted Illinois Central's petition for permission to appeal pursuant to Rule 5(a), A.R.App.P.
The trial court dismissed the action; therefore, the issue of whether the order of dismissal is discretionary with the trial court after six months, subject to denial upon a showing of excusable neglect, is not before us. See Jernigan v.Collier, 234 Ga. 837, 218 S.E.2d 556 (1975).
The issue presented for review is whether dismissal under Rule 25(a)(1) for failure to substitute a personal representative for a plaintiff, after the death of the plaintiff has been suggested on the record for more than six months, must be with prejudice, where the defendant has moved for dismissal with prejudice.
Rule 25(a)(1), A.R.Civ.P., provides, in pertinent part:
 "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party. . . . Unless the motion for substitution is made not later than six months after the death is suggested upon the record . . ., the action shall be dismissed as to the deceased party." (Emphasis supplied.)
In Henderson v. Briarcliff Nursing Home, 451 So.2d 282 (Ala. 1984), a personal injury action was pending at the time of the death of the plaintiff. There is no indication that the plaintiff died as a proximate cause of these injuries. The defendant nursing home filed a suggestion of death, in accordance with Rule 25(a)(1). No substitution was made within six months after the suggestion was filed. The nursing home then filed a motion to dismiss, which was granted by the trial court. Justice Beatty wrote:
 "Consideration of the purpose for Rule 25(a) and its predecessor, Code of Ala. 1940 (Recomp. 1958), Tit. 7, § 153, discloses that this provision for revival of an action was mandatory. Ex parte State ex rel. Hefley [v. McElroy] 247 Ala. 207, 23 So.2d 545 (1945). The language of Rule 25(a)(1) is still mandatory:
 " 'Unless the motion for substitution is made not later than six months after the death is suggested . . ., the action shall be dismissed as to the deceased party.'
 "We have no alternative but to affirm the order of the trial court, as it had no alternative but to dismiss the action for the failure of a timely motion for substitution."
451 So.2d at 284.
Whether the dismissal was with or without prejudice was not addressed by the Court, since a dismissal of a personal injury action sounding in tort would be a dismissal on the merits, due to the fact that the cause of action does not survive the death of the plaintiff.
Under Alabama law, a cause of action sounding in tort, as opposed to an *Page 204 
action, for personal injuries does not survive in favor of a personal representative. Code 1975, § 6-5-462; Bates v. L NEmployees Credit Union, 374 So.2d 323 (Ala. 1979); Carroll v.Florala Memorial Hospital, 288 Ala. 118, 257 So.2d 837 (1972); see Gillilan v. Federated Guaranty Life Insurance Co.,447 So.2d 668, 674 (Ala. 1984). Therefore, the effect of a dismissal with prejudice or a dismissal without prejudice, in a case factually similar to this, in which we would apply Alabama law, would be the same. The personal representative could not file an action to recover for the personal injuries of a decedent who died of causes unrelated to his injuries.
The Court of Appeals of Georgia, in a six-to-three decision, construed the dismissal under a statute substantially identical to our Rule 25(a)(1) (Georgia Code Ann. § 81A-125(a)(1)) as being a dismissal on the merits. Jernigan v.Collier, 131 Ga. App. 162, 205 S.E.2d 450 (1974).
In Eastern Credit Association, Inc. v. Braxton's Estate,215 A.2d 485, 486-87 (D.C.App. 1965), the Court of Appeals for the District of Columbia wrote:
 "[D]oes a dismissal for failure to substitute within the time specified by Civil Rule 25(a)(1) have the same effect as a judgment based on the running of a statute of limitations? In 1947 the Supreme Court was called upon to determine the effect of Rule 25(a)(1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which was identical with the Court of General Sessions' rule, except that a two-year period for substitution was allowed. Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436 (1947). Holding that there could be no enlargement of the time specified in the rule, the Court concluded that 'Rule 25(a) operates both as a statute of limitations upon revivor and as a mandate to the court to dismiss an action not revived within the two year period.' 329 U.S. at 485, 67 S.Ct. at 430. Thus finding the rule to be analogous to a statute of limitations, the Court went on to point out that 'the normal policy of a statute of limitations is to close the door — finally, not qualifiedly or conditionally.' 329 U.S. at 486, 67 S.Ct. at 431. To quote Barron 
Holtzoff, 'This would be strange language to use if the door can easily be opened by filing a new suit.' 2 Barron Holtzoff, Federal Practice and Procedure 425 (rules ed. 1961). We thus find that appellant's suit was barred by the dismissal of its first complaint.
 "This result is also required by the rationale behind Rule 25(a)(1) as expressed by the Supreme Court in the Anderson case, supra. There the Court stated:
 " '. . . The federal law embodied in Rule 25(a) has a direct impact on the probate of estates in the state courts. It should not be construed to be more disruptive of prompt or orderly probate administration in those courts than its language makes necessary.' 329 U.S. at 486, 67 S.Ct. at 431.
 "A dismissal for failure to substitute should do more than merely require a plaintiff to seek a new place on the trial calendar; it should put an end to the litigation for all time." (Emphasis supplied.)
We are persuaded that the dismissal under Rule 25(a)(1), A.R.Civ.P., acts as a rule of repose.
Code 1975 § 6-5-462, provides in pertinent part:
 "[A]ll claims upon which an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed, except for injuries to the reputation, survive in favor of and against personal representatives. . . ."
If a plaintiff dies, a pending action for "injuries to the reputation" is extinguished. All other pendingactions survive in favor of or against personal representatives. If within six months after suggestion of death upon the record, a motion for substitution has not been made by any party or by the successors or representatives of the deceased party, "the action shall be dismissed as to the deceased party." If this *Page 205 
dismissal is not a rule of repose, the dismissal has the effect of being an adjudication on the merits of all actions, except actions based upon an express or implied contract, because, if the action is dismissed, even without prejudice, there is nothing left but a cause of action that death has abated. Whether the dismissal of a contract action would act as a rule of repose would depend solely upon whether the statute of limitations had run on that cause of action. Such disparity as to actions that had been filed prior to death was not the intent of this Court in promulgating Rule 25(a)(1). If death did not extinguish the claim (even if an action had been filed), the pending actions, regardless of their designation as contractual or non-contractual, should be treated similarly. The dismissal under Rule 25(a)(1) is a rule of repose as to Alabama common law causes of action and Alabama statutory causes of action, unless the statute creating the cause of action provides otherwise.
Clearly, 45 U.S.C. § 59 provides that "[a]ny right of action
given by this chapter to a person suffering injury shallsurvive to his or her personal representative." (Emphasis added.) So an F.E.L.A. cause of action does survive death.
In the case at issue, we are dealing with a right to recover derived not from the statutory laws or common law of the State of Alabama, but from the statutory laws of the United States. The laws of the United States provide that an F.E.L.A. cause of action can be enforced in a State court, as well as in a federal court. The forms and mode of enforcing the right may vary because the procedural rules of the two judicial systems are not identical.
We are persuaded that we should not be overly concerned with characterizing a rule that authorizes the revival of an action as either procedural or substantive.
In an action involving a State cause of action brought in federal court because of diversity of citizenship of the litigants (the reverse side of federalism from the case at issue), Justice Frankfurter, in Guaranty Trust Co. of New Yorkv. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), wrote:
 "Erie R. Co. v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)] was not an endeavor to formulate scientific legal terminology [in the characterization of matters as substantive or procedural]. It expressed a policy that touches vitally the proper distribution of judicial power between State and federal courts. In essence, the intent of that decision was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court. The nub of the policy that underlies Erie R. Co. v. Tompkins is that for the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away should not lead to a substantially different result. . . . Erie R. Co. v. Tompkins has been applied with an eye alert to essentials in avoiding disregard of State law in diversity cases in the federal courts. A policy so important to our federalism must be kept free from entanglements with analytical or terminological niceties.
 "Plainly enough, a statute that would completely bar recovery in a suit if brought in a State court bears on a State-created right vitally and not merely formally or negligibly. As to consequences that so intimately affect recovery or non-recovery a federal court in a diversity case should follow State law." (Emphasis supplied.)
326 U.S. at 109-10, 65 S.Ct. at 1470.
In a case such as this, where Congress has given a State court concurrent jurisdiction to adjudicate a federally-created cause of action, a State court should not afford, deny, or curtail recovery by an overly protective insistence upon its dominance in matters procedural.
Judicial comity causes us, as a State court, to defer to federal law as to consequences *Page 206 
that intimately affect recovery or non-recovery in a case involving a federal cause of action over which the courts of this State have concurrent jurisdiction. We are aware that it has been written that "[u]nder the Supremacy Clause of the Federal Constitution, '[t]he relative importance to the State of its own law is not material when there is a conflict with a valid federal law,' for 'any state law, however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield.' Free v. Bland,369 U.S. 663, 666, 82 S.Ct. 1089, 1092, 8 L.Ed.2d 180 (1962)."Felder v. Casey, ___ U.S. ___, 108 S.Ct. 2302, 2306,101 L.Ed.2d 123 (1988). Under the concepts of civility and courtesy (which we reach before we reach the concept that an Alabama law that interferes with a federal law must yield), we defer to federal law, whether it be substantive or procedural, in enforcing a federal cause of action, just as the federal courts have deferred to State law, whether it be substantive or procedural, see Guaranty Trust Co. of New York v. York, supra, in exercising jurisdiction over a cause of action solely because of the diversity of citizenship of the parties.
If this is "outcome-determinative" or seems to be based upon "a sort of upside-down theory of federalism," as Justice O'Connor suggests in her dissent in Felder v. Casey, supra, ___ U.S. at ___, 108 S.Ct. at 2318, so be it.
The United States Supreme Court in Anderson v. Yungkau,329 U.S. 482, 485, 67 S.Ct. 428, 430, 91 L.Ed. 436 (1947), construed the predecessor of Rule 25(a), Federal Rules of Civil Procedure, as a rule of repose. We see no reason why that Court would not construe the present rule, which merely shortened the time for the revival of such actions, as a rule of repose. This is consistent with our interpretation of Rule 25(a)(1), A.R.Civ.P., which does not stop at setting a period within which substitution might be made, but directs the court to dismiss the action if substitution has not been made within that time. In Anderson v. Yungkau, 329 U.S. at 485,67 S.Ct. at 430, Justice Douglas wrote: "Rule 25(a) [F.R.Civ.P.,] operates both as a statute of limitations upon revivor and as a mandate to the court to dismiss an action not revived within the two-year period." Its purpose is "to close the door — finally, not qualifiedly or conditionally." 329 U.S. at 486,67 S.Ct. at 430. We must infer that if Price had filed this action in a federal district court and had then died and his death had been suggested on the record and over six months had elapsed without a motion for substitution being filed, and Illinois Central had then filed a motion to dismiss for failure to revive the action, the federal district court would have been required to dismiss the action with prejudice, since Rule 25(a), F.R.Civ.P., acts as a rule of repose. Anderson v. Yungkau, supra. This would be so, in spite of the fact that three years had not expired from the date of Price's injury until the order of dismissal, which is the time bar for F.E.L.A. actions.
It is not for us to determine in this case whether the 90-day period in Rule 25(a), F.R.Civ.P., or the 6-month period in Rule 25(a)(1), A.R.Civ.P., would control in an F.E.L.A. case filed in a State court in Alabama. Justice O'Connor, in her dissent in Felder v. Casey, supra, at ___ U.S. ___,108 S.Ct. at 2318-19, wrote:
 "Quoting the 'outcome-determinative' test of Guaranty Trust Co. v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945), the Court opines today that state courts hearing federal suits are obliged to mirror federal procedures to the same extent that federal courts are obliged to mirror state procedures in diversity suits. This suggestion seems to be based on a sort of upside-down theory of federalism, which the Court attributes to Congress on the basis of no evidence at all. Nor are the implications of this 'reverse-Erie' theory quite clear. If the Court means the theory to be taken seriously, it should follow that defendants, as well as plaintiffs, are entitled to the benefit of all federal court procedural rules that are 'outcome determinative.' "
In this case, more than six months passed after Mr. Price's death was suggested *Page 207 
on the record and no motion for substitution had been filed when Illinois Central filed its motion to dismiss. For the reasons stated, the dismissal should have been with prejudice.
We have reviewed all the cases cited in briefs and at oral argument by the parties. These cases do not change our decision in this case, and we do not feel that a detailed discussion of the cases not cited in this opinion is necessary to a proper resolution of the issue involved in this case.
The judgment is reversed and the cause remanded for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS and STEAGALL, JJ., concur.
BEATTY, J., dissents.